JAMES McINTIRE and wife *vs.* WESTERN N. C. RAILROAD COM-
PANY.

Where the owner of land seeks to recover damages for the injury result-
ing from the location of a railroad on his land, he must pursue the
remedy prescribed by the charter of the railroad company, as this
statutory provision takes away, by implication, the common law remedy
by action of trespass on the case.

[The cases of *Gillet* v. *Jones,* 1 Dev. & Bat. 339 ; *Gilliam* v. *Cannaday,* 11
Ired. 106 ; *Raleigh & Gaston Railroad Company* v. *Davis,* 2 Dev. & Bat.
451, cited and approved.]

This was an appeal by the plaintiff, from the decision of his
Honor, *Henry, J.,* made at the Fall Term, 1871, of
McDowell, Superior Court.

The Plaintiffs, through whose land the defendant's Railroad
passes, brought an action sounding in damages, under the C. C.
P., for the injury sustained by the location of defendant's Rail-
road on his land. His Honor below held, that as the charter
of the Railroad Company prescribes a summary remedy by
petition to recover damages of the defendants, the plaintiffs
could not bring an action as at common law, or under the C.
C. P. Other points were raised, which it is unnecessary to
state, as the opinion of the Supreme Court proceeds entirely on
the main question.

From this ruling of his Honor below the plaintiffs appealed.

*Ovide Dupre,* for the plaintiffs.
*W. H. Bailey,* for the defendant.

RODMAN, J. The only question presented in this case is,
whether the common law remedy of an owner of land, by an
action of trespass, against a railroad company which has entered
on his lands for the purpose of building its road, is taken away

by Rev. Code, ch. 61, sections 9 to 21; or whether the remedy thereby given is cumulative.

We are of opinion that the intention of the act was, to deprive the owner of his common law remedy, and to give him the one provided by the act in lieu of it. We come to this conclusion from the analogy between the policy of the act mentioned, and the act of 1809 on the subject of Mills; Rev. Code, ch. 74. We admit that the language of the latter act more clearly excludes a resort to the common law remedy, than that of the one in question. But the decisions (*Gillet* v. *Jones*, 1, D. and B. 339, *Gilliam* v. *Canady*, 11, Ire. 106) do not go so much on the words of the act as upon its evident policy. If the owner of land overflowed by a mill dam could bring his action on the case for damages every day, no public mill could be established. In like manner if the owner of land taken by a railroad for its track, could bring his action of trespass every day, no railroad could be built. In such case the law considers the property though taken for an individual, or for a private corporation, as taken for the public use. *Raleigh & Gaston Railroad Company* v. *Davis*, 2, D. and B. 451. It is not forbidden by the Constitution, if compensation be made; and compensation is provided for. The mode of obtaining it may not be so easy or satisfactory to the owner, but it is not illusory; a substantial and just compensation may be obtained. There can be no doubt that the Legislature had the right to take away the common law remedy; the only question possible, is, as to their intention.

It is suggested however, that the act only intended to furnish the company with a means of acquiring a title to the land needed, and not to deprive the owner of any remedy unless the company availed itself of the means furnished. But the act says *either* party may proceed by petition to have the damages assessed. If the officers of the company cannot enter on lands and make surveys without a trespass, they could never

locate the road.   And if the road were located, and its construction delayed until the damages to all the land owners on the route were ascertained under the act, the delay would be indefinite, and of no benefit to any one.   To hold, that during the pendency of a proceeding by the company to have the lands condemned, it could not prosecute its works without being exposed daily to an action of trespass, would effectually defeat the policy of the act.   The act intended to allow the company to enter and construct its road at once, leaving the question of damages (if the parties could not agree on them) to be settled afterwards.   The company was not obliged to initiate proceedings.   It is not obliged to know that the owner claims damages, until he claims them in the mode provided.

There is a view of the act which seems conclusive.   What could be the sense or policy of giving to the land owner the comparatively feeble remedy provided by the act, unless it was intended, or supposed, that he would thereby lose the one already possessed, so much more potent, and adequate for every occasion.

Per Curiam.                              Judgment affirmed.