WALKER, J., dissenting, BROWN, J., concurring in the dissenting opinion.
This is an action by Mary B. Mason against the Commissioners of Durham to recover damages for the value of a strip of land 60 feet wide and 7 feet deep across the front of her lot on the Main Street road between Durham and East Durham, taken by the Commissioners of Durham County in the spring of 1916 for the purpose of widening said road in front of plaintiff's property. Plaintiff's complaint was filed 29 July, 1916, in which she alleged as a cause of action that she was the owner of a lot of land on East Main Street road; that the defendants had taken a strip across the front of it 7 feet deep and 60 feet wide, and prayed judgment for the value of the land so taken in the sum of $600. The defendants, in January, 1917, filed an answer, and denied in paragraph 3 of the answer that plaintiff owned the land in controversy, as alleged in paragraph 3 of the Complaint, and in paragraph 5 of the answer of the defendants denied that they took a strip of land from the plaintiff 7 feet deep and 60 feet wide, as alleged in paragraph 5 of the complaint.
And for a further defense the defendant pleaded that the land (640) had been taken under chapter 463, Public-Local Laws 1913, which provides for the assessment of damages by a jury upon petition to the board of county commissioners.
And defendants denied in said further answer that a petition had ever been filled with board of county commissioners requesting a jury to assess damages to plaintiff's property.
The action came on for trial at the March Term, 1917, of the Durham County Superior Court. The defendants demurred ore tenus to the complaint upon the ground that it did not state a cause of action, and for a further reason that the court did not have jurisdiction, as chapter 463 of the Public Local Laws of 1913 prescribed a method of assessing damages for property taken for public roads. *Page 680 
The court overruled the demurrer, as the ownership of the property and the taking the same was denied by defendants and sustained the jurisdiction of the court upon the ground that if it was purely a case for assessing damages that plaintiff would not be required to plead, but would be permitted to prove that she had filled a petition for a jury to assess damages as required by chapter 463 of the Public Local Laws of 1913. The defendants then admitted that the plaintiff owned the lot described in the complaint, but denied that they had taken plaintiff's property as alleged.
Evidence was offered by the plaintiff and defendants on the following issues:
1. Was plaintiff's land taken by defendants as alleged in the complaint? To which the jury responded, "Yes."
2. What amount, if any, is plaintiff entitled to recover of defendant? To which the jury answered "$200."
Plaintiff introduced a letter, dated 24 June, 1916, addressed to the Board of County Commissioners, Durham, N.C. written by R. O. Everett, her attorney. The following is a copy of the letter:
24 June, 1916.
To the Board of County Commissioners, Durham, N.C.
GENTLEMEN: — I beg to notify you that Mr. and Mrs. Joe Mason have retained me to present a claim against the Board of County Commissioners for damages in taking the property in front of their property located on the south side of East Main Street. They state that you took seven feet of their property and damaged the balance, and they are relying upon that constitutional provision which your honorable body is most familiar with that private property can not be taken without due compensation.
(641) They are willing to have this matter settled by arbitration by three men who can assess the damages. Please let me know your wishes in the matter. Yours very truly,
R. O. EVERETT.
The court held that the request contained in the letter from plaintiff's attorney, dated 24 June, 1916, was a sufficient compliance with the law for a petition to have a jury to assess damages.
Judgment was rendered in favor of the plaintiff and the defendant appealed, having excepted to the refusal to dismiss the action and to the ruling that the letter was in legal effect a petition.
It is true the Court has held in McIntyre v. R. R., 67 N.C. 278, and other cases, that in an application to require a railroad right of way the statutory methods must be pursued, and this may still be the correct ruling as to the preliminary entry upon land and the acquisition of the same for such purposes, but it is also held, in numerous cases, that where a railroad or other public service corporation has made the entry, appropriated the right of way, constructed its road and is operating the same and neither party has seen fit to resort to the statutory method, the owner of the land has the right, at his election, to sue for permanent damages, and on payment of the same the easement wil [will] pass to the defendant. This was so held as to railroads in Caveness v. R. R.,172 N.C. 305; Bennett v. R. R., 170 N.C. 389; Porter v. R. R.,148 N.C. 563; Beasley v. R. R., 145 N.C. 272. As to telegraph companies inPhillips v. R. R., 130 N.C. 582. As to municipalities in the case of streets, etc., in Harper v. Lenoir, 152 N.C. 723. As to nuisances created by discharges of sewage where the right to do so may be protected by the exercise of the right of eminent domain, in Rhodes v. Durham, 165 N.C. 679. As to trespass by flow of water in cases where private right is subordinated to the public good, as in Geer v. Waterworks, 127 N.C. 349.
McIntyre and like cases were decided for the reason, chiefly, that at that time it was generally considered that the statutory proceeding was the only mode by which the companies could acquire a right of way and obtain protection from continued and ever repeated actions of trespass on the part of the owner, but later, when the Court had approved and emphasized the right of acquiring an easement in these cases by a suit for permanent damages and the payment of the same, as in Ridleyv. R. R., 118 N.C. 996, and subsequent cases, it is regarded as correct doctrine that, where a defendant has entered, constructed its work and the right to occupy the property and to exercise the (642) privilege is or may be protected by statutory right of eminent domain or by the existence of a superior right in the public; then, at the election of either, an action lies for permanent damages, and on payment of same an easement passes. Webb v. Chemical Co., 170 N.C. 695. Again, while the right of an injured owner to sue and have his cause tried before the jury is clearly contemplated and conferred by the statute, the application to the board of commissioners is not essential to that right.
Under our system, county commissioners are not clothed with judicial powers and, representing the opposing side, they could not exercise them in such a case if they were. A petition to them, therefore should be properly regarded as a preliminary stop before an *Page 682 
administration board, and is in no sense jurisdictional in its nature. This being true, the defendants have waived their right to insist on such a protection by an absolute denial of plaintiff's right, for by correct interpretation, these pleadings do deny plaintiff's right and raise issues both as to her ownership of the land and as to the injury. Why attempt a petition to an administrative board who, on the record, have denied plaintiff's right and put her to proof on the essential questions involved? And, further, we incline to the opinion that the letter addressed to the board should be construed and held a sufficient compliance with the statute. While the proposal for settlement made by plaintiff in that latter calls it an arbitration, it clearly refers to the damages suffered and the sources of it; makes claim for the same and proposes further "that plaintiff is willing to have this matter settled by arbitration by three good men who can assess the damages, this being the number specified in the statute." "Three disinterested freeholders shall assess the damages" is the provision of the law, and we think the commissioners should have so construed her application and responded to it by appointing the commissioners, or by having them selected by the sheriff as the statute requires. The powers given to the commissioners are very broad, and while they are in accord with the law on the subject (S. v. Jones, 139 N.C. 613), when the numbers of people that may be affected are considered, these powers should not be too rigidly construed to the injury of the landowners.
All of plaintiff's lot, constituting her front yard of 7 feet, has been taken across its full width and the sidewalk laid at her very door. She has written a letter to the commissioners asking, in effect, that three jurors assess her damages, which has been denied by defendants. She then sues, and both her ownership and damages are denied, and after she has recovered her damages before the jury, the defendant asks that her suit be dismissed and that she be directed to begin over and in some other way. To what purpose or in what way? The statute provides that the petition is to be filed in 20 days after the road is (643) ordered. If this should be held to be a jurisdictional requirement and is to be upheld as valid, the time is already elapsed and plaintiff is to have her front yard taken and be without any relief whatever.
The facts in evidence do not justify such a judgment nor should the Court uphold the position of the defendant.
Affirmed.