### J. F. KEENER v. THE CITY OF ASHEVILLE.

(Filed 3 January, 1919.)

1. **Municipal Corporations — Cities and Towns — Streets — Grading—Damages—Statutes—Dedication—Presumptions—Negligence.**

   An act providing that, in changing the grade of its street, an incorporated city shall cause a map to be made, showing the nature and extent of the proposed change, and, on request of an abutting owner, the mayor and aldermen shall cause a special jury, definitely provided for, to assess the owner's damages and benefits, and make report, upon which the authorities may decrease or remit items, or abandon the plan if the costs appear unsatisfactory, destroys the ordinary presumption that the right to thus grade the street passed to the city upon the original dedication of the street.

2. **Municipal Corporations — Cities and Towns — Streets and Sidewalks — Damages—Preliminary Assessment—Statutes.**

   Where a statute provides a method, upon demand of an abutting owner, for ascertaining by a special jury the damages to be caused by a proposed grading or improvements of its streets, with report to the city board of aldermen, who may change the items or abandon the plan if the costs are unsatisfactory: *Held*, the requirement for the appointment of a jury and assessment and report, under the prescribed method, is not jurisdictional in its nature, but a preliminary proceeding before an administrative board to enable it to intelligently decide whether they would abandon or go on with the improvement, and, if they determine to proceed, to afford it opportunity to make an adjustment with the claimants and avoid the costs of adversary proceedings.

### 3. Same—Demand—Actions—Mandamus.

Where provision is made by statute for a preliminary investigation by an incorporated city to determine whether or not an improvement of its streets by grading, etc., should be made, upon demand by abutting owners, to whom a right of action for damages to their lands is given, and therein the board of aldermen act in an administrative capacity, the owner may bring his action to recover his damages thus caused, after making his demand upon the city, in accordance with the act, and a denial of any liability thereunder; and a *mandamus* to compel the board to proceed by the statutory method is not required.

### 4. Constitutional Law — Municipal Corporations — Streets and Sidewalks—Damages—Statutes.

An act giving to the abutting owners a right of action to recover damages caused to their lands by the grading by the city of its streets is constitutional and valid.

WALKER, J., dissenting; BROWN, J., concurring in the dissenting opinion.

ACTION tried before *Stacy, J.,* at April Term, 1918, of BUNCOMBE.

The action is to recover damages suffered by plaintiff, the owner of abutting real estate, by reason of a change of grade in John Street, in the city of Asheville, defendant having refused to make any adjustment of same on demand made pursuant to law. On denial of liability and of any proper demand for adjustment, the jury rendered the following verdict:

1. Were the lands and premises of plaintiff injured by the change of grade of John Street by defendant, as alleged in the complaint? Answer: "Yes."

2. Did plaintiff request of defendant an adjustment of the damage before the completion of said street improvement, as alleged in the complaint? Answer: "Yes."

3. What damages, if any, is plaintiff entitled to recover? Answer: "$250."

On the reading of the pleadings, a demurrer *ore tenus* was entered for lack of jurisdiction of the court to award recovery of damages sought, defendant contending that plaintiff should have pursued the statutory method, beginning by application to the board of aldermen, etc., as provided by the charter of the city of Asheville and acts amendatory of the same. This motion, renewed at the close of testimony, was allowed and the court entered judgment as follows:

"The court being of opinion that the plaintiff's remedy, if any, in this court at this time was by way of mandamus to compel the city to perform and exercise the duties prescribed by its charter for assessing benefits and damages for raising or lowering grades affecting abutting property, offered to strike out the verdict and allow the plaintiff the option of recasting his pleadings as for mandamus, or to stand upon the

verdict and record of the trial. The plaintiff made his election to stand upon the record and verdict and tendered judgment as appears in record. Thereupon the court sustained defendant's demurrer and dismissed plaintiff's action and ordered plaintiff and his surety to pay the cost of this suit."

Plaintiff excepted and appealed.

*W. E. Shuford and Mark W. Brown for plaintiff.*
*Marcus Erwin for defendant.*

HOKE, J. The statutes more directly relevant to the inquiry (Private Laws 1905, ch. 401, sec. 3, as amended by Private Laws 1909, ch. 46, and very correctly stated in Bourne's Codification of the Charter of the City of Asheville, sec. 242) provides that whenever the city determines to grade, pave and improve the streets and, in order to do so, it becomes necessary to raise or lower the grade of any street or streets of the city, a map shall be made of the proposed grade showing the profile and showing the nature and extent of the change as planned, and thereupon, on request of the abutting owner and before the completion of said improvements, the mayor and board of aldermen shall cause a jury to be summoned to assess the damages and benefits of the abutting property in the "same manner and under the same rules, regulations and provisions as now required by the charter and laws amendatory thereof for the assessments of damages to property where the streets are widened."

This portion of the charter referred to, appearing chiefly in the Private Laws of 1901, ch. 100, sec. 65, provides, in effect, that whenever streets are condemned or widened, etc., the mayor, on the direction of the board of aldermen, shall cause one of the policemen to summon a jury, assess the damages, and estimate the special benefits to the different pieces of property affected and make report to the board, who are authorized, on their consideration of the question, to decrease or remit any item of special benefits and to discontinue the improvements if the costs are shown to be unsatisfactory. In case they decide to go on with the improvements, any abutting owner dissatisfied with the amount allowed him may appeal to the Superior Court and have his damages assessed pursuant to law.

Considering this legislation as a whole, we are of opinion that it confers, and was intended to confer, on an abutting owner his right of action whenever by reason of a change of grade of the city streets, or any of them, substantial injury was done to his property, or rather it restores to such owner the right of action of which he was deprived on the supposition that this right had passed to the city at the time of the original dedication of the street, and further that this requirement for

appointment of a jury and assessment and report, under the direction of a city policeman, is not jurisdictional in its nature, but is to be properly considered a preliminary proceedings before an administrative board designed chiefly to enable the board of aldermen to intelligently decide whether they would abandon or go on with the improvement, and if they determined to proceed, that they might have opportunity to adjust the matter with the claimants and so avoid the costs of adversary proceedings.

In this view, the present case, we think, comes clearly within the recent decision of *Mason v. Durham,* 175 N. C., 638. There the county commissioners, in straightening a public road, had taken a strip of plaintiff's land. In an action to recover damages, defendants denied plaintiff's ownership of the land and, generally, his right of action, and on the hearing resisted recovery for the reason, among others, that plaintiff's remedy was in petition to the board of commissioners, as the statute provided, and it was held, among other things: "The county board of commissioners in acting upon a petition by the injured owner whose land had been taken for road purposes, under a statute providing for the assessment of damages by this method, does so in an administrative capacity; and where the board has taken and is using the land for such purpose, and the owner has not followed the special method provided and brings his action in the Superior Court for his damages, the defendant's denial of plaintiff's ownership and its liability for the damages waives its right to insist that the statutory method should have been pursued by the plaintiff."

Speaking to the subject in the opinion, the Court said: "Under our system, county commissioners are not clothed with judicial powers, and, representing the opposing side, they could not exercise them in such a case if they were. A petition to them, therefore, should be properly regarded as a preliminary step before an administrative board, and is in no sense jurisdictional in its nature. This being true, the defendants have waived their right to insist on such protection by an absolute denial of plaintiff's right, for by correct interpretation these pleadings do deny plaintiff's right and raise issues both as to her ownership of the land and as to the injury. Why attempt a petition to an administrative board who, on the record, have denied plaintiff's right and put her to proof on the essential questions involved?"

Under the principles approved in that case, it having been established that the city of Asheville has changed the grade of John Street, causing damage to plaintiff's property to the amount of $250; that plaintiffs demanded an adjustment of the damages before the improvements were completed, as the statute provides, and defendant refused to comply and continues to deny plaintiff's right, we are of opinion, and so hold, that

plaintiff is entitled to judgment on the verdict, and his exception for failure to award it must be sustained.

It is urged for a distinction between this and the *Mason* decision, that there the county had appropriated a portion of plaintiff's land, giving him a right of action at common law, while here, as no recovery is allowed for a change of grade in the street, the right is exclusively statutory, and the statutory remedy must be pursued; but we do not discover any substantial difference in the two cases. True, as held in many cases with us (*Dorsey v. Henderson,* 148 N. C., 423; *Jones v. Henderson,* 147 N. C., 120, and others) that no action ordinarily lies for a change in the grade of an established street unless the work is negligently done (*Harper v. Lenoir,* 152 N. C., 723)—this on the idea, chiefly, that in making such change the municipal authorities are in the exercise of a governmental function; but, as pointed out in *Wood v. Land Co.,* 165 N. C., 367, the ruling is based upon the presumption that the right to make such changes passed to the municipality at the time of the original dedication of the street either by condemnation or waiver, and thereafter the governmental authorities had a right to make such changes of grade as the public good might require. But so far as the city of Asheville is concerned, these statutes, amendatory of the charter, provide, and intended to provide, that on the dedication of the street the right passed and damages are to be allowed under existent conditions, and thereafter for any change of grade working substantial injury to the owner additional compensation should be made. They remove the presumption that formerly prevailed as to the extent of the right acquired and, in the respect suggested, restore to the property holder his rights of ownership. Such amendments are well within the legislative power, and now to make a substantial change of grade working harm to the abutting owners is to superimpose an additional burden and as much a trespass upon his rights as if there was an appropriation of his property. We regard the principles of the *Mason case* as decisive of the questions presented here, and this will be certified that judgment for plaintiff be entered on the verdict.

Reversed.


WALKER, J., dissenting: I cannot agree with the majority of my brethren who concur in the opinion of the Court, as much as I would like to do so, because my opinion is that the decision of this case is contrary to the law as established by a long line of our cases.

As my views were set forth in the dissenting opinion filed in *Mason v. Durham,* 175 N. C., at p. 643, it is not necessary that I should fortify my position by any elaborate discussion of the matter or by calling to my aid the numerous cases which have held that when a right is given

KEENER *v.* ASHEVILLE.

by statute, with a particular and adequate remedy to enforce it, any party who claims the right must pursue the remedy of the statute for its enforcement. The right which is claimed here for the assessment of damages resulting from a change of the street grade is a new one given by this statute and peculiar to the city of Asheville, and a specific remedy is also prescribed for its prosecution. If the city failed to proceed, the remedy was by compelling it to do so, and the courts have sufficient process for commanding a speedy compliance with such duty. The plaintiff is allowed to recover damages, as if in an action of trespass, and to ignore the sole remedy given to him with the right by the statute. This is entirely contrary to *McIntyre v. R. R.*, 67 N. C., 278, which until just recently has stood for many years as the law of this State. I said of it in the *Mason case, supra,* at p. 643: "I am unable to concur in the opinion of the Court as I think it overrules a long line of cases holding, upon the authority of *McIntyre v. R. R., 67 N. C., 278,* that where there has been a condemnation of property for public use, the recovery of compensation by the owner for taking his property must be obtained through the particular remedy given by the statute, as the latter takes away by clear implication the common-law remedy, which was an action of trespass on the case and is a substitute for it. The opinion of *Justice Rodman* in that case also states that the landowner is by the statute impliedly 'deprived of his common-law remedy,' that being wholly superseded by the one given in its stead, which is a substantial and adequate one, and not merely illusory. It has been held ever since our Mill Act of 1809 that such is the law, and that the specific remedy for damages must be pursued."

The remedy provided by the statute is not administrative, but judicial, and has been so regarded in all the cases by this Court. But if it can be called administrative, the rule even then requires that the specified remedy should be first resorted to and exhausted. *Wilson v. Green,* 135 N. C., 343.

I will not extend the argument as the subject is fully treated in the *Mason case,* beginning at p. 643, and will content myself with what is there said.

I am authorized to say that *Justice Brown* concurs in this dissenting opinion.