A. B. LITCHFIELD, RECEIVER OF THE BANK OF ROPER, v. MARY A. ROPER.

(Filed 29 September, 1926.)

**1. Statutes—Interpretation—Repeal by Implication.**

The law does not favor a construction of a later statute that repeals a prior one on the same subject-matter by implication, or without express words to that effect, and will not so construe it unless it clearly appears that the legislative intent was to do so, and then only to the extent that is necessary to make a construction of the two statutes consistent and reasonable.

**2. Same—Banks and Banking.**

C. S., 423, under which action must be brought against a stockholder of a bank since becoming insolvent to enforce his additional liability on his shares of stock therein, 1 C. S., 237; 3 C. S., 218(a), 219(a), is by chapter 4, Public Laws 1921, extended to an action by the receiver to recover therefor to ten years from the discovery of the condition of the insolvent bank. C. S., 240.

**3. Same—Intent.**

While by a complete or entire codification of the laws upon a specific subject, former statutes upon the subject may be construed to have been repealed by implication when not therein included, the principle will not apply when from a proper interpretation of the codified laws it appears that the legislative intent was only to enlarge the former law.

**4. Same—Repealing Clause.**

The codification of the laws by legislative enactment repealing all laws in conflict therewith, does not repeal a former law upon the same subject-matter when it appears by proper interpretation that the legislative intent by the later law was to enlarge the provisions of the former one.

APPEAL by defendant from *Grady, J.,* at July Term, 1926, of WASHINGTON.

Trial by jury was waived (C. S., 568) and the judge found the following facts: The Bank of Roper was a corporation, which becoming insolvent was put in the hands of a receiver in October, 1921, upon application of the State Corporation Commission. When the receiver was appointed the defendant was the owner and holder of twenty-two shares of the capital stock of said bank of the par value of $100 a share. On 10 January, 1923, an order was made assessing against the stockholders of the bank one hundred per cent of the par value of their stock, the court finding as a fact upon the petition filed in the suit prosecuted by the Corporation Commission against the bank that said assessment would not be sufficient to pay all the creditors of the bank in full. The present action was brought by the receiver on 2 March, 1926, for the purpose of collecting from the defendant the sum of $2,200 in accordance with the assessment made against her on 10 January, 1923. After the institution of the action Litchfield died and Z. V. Norman was appointed to succeed him as receiver of the bank. When Litchfield was made receiver the defendant had on deposit in the bank $336.77. On 10 January, 1923, Litchfield as receiver was directed by the court to bring suit against the directors of the bank to recover from them the losses which the bank had sustained by reason of the negligence of the directors, but such suit was never instituted. In February, 1926, Litchfield as receiver paid to the creditors of the bank under an order of court a dividend of ten per cent of the amount of their claims, but no payment was made to the defendant on account of her deposit. Immediately after the assessment was made on the stockholders on 10 January, 1923, the receiver made demand upon the stockholders for the payment of this liability.

Upon the foregoing facts it was adjudged: (1) that the defendant is not entitled to set off her deposit against the assessment for which this action was brought; (2) that the defendant is not entitled to have the action for negligence against the directors determined before her liability on her assessment is adjudged; (3) that this action is not barred by the statute of limitations. It was further adjudged that the defendant is liable in law for one hundred per cent of the par value of her stock, and that the plaintiff recover of the defendant $2,200 and costs, and that the attached stock be condemned for the satisfaction of the judgment and sold after twenty days notice if the judgment was not paid within thirty days. The defendant excepted and appealed.

*Ward & Grimes for plaintiff.*
*Small, MacLean & Rodman for defendant.*

ADAMS, J. It is provided by statute that the stockholders of every bank organized under the laws of North Carolina shall be individually responsible, equally and ratably and not one for another, to the amount of their stock at the par value thereof, for all contracts, debts, and engagements of the bank, and that suit to enforce such liability may be brought by the receiver of the insolvent corporation. 1 C. S., 237; 3 C. S., 218(a), 219(a); *Smathers v. Bank,* 135 N. C., 410. The object of the present action is to enforce this statutory liability against the defendant upon an assessment of $2,200 duly made upon twenty-two shares of stock held by her in the Bank of Roper. The sole question is whether the plaintiff's action is barred by the statute of limitations.

The Code of Civil Procedure, under the title "General Provisions as to the Time of Commencing Actions," contains the following statute: "This title shall not affect actions against directors or stockholders of any moneyed corporation, or banking association which shall hereafter be incorporated by or under the laws of this State, to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty or forfeiture attached, or the liability was created." Battle's Rev., 153 (54); The Code, sec. 175. With slight changes in phraseology this statute was brought forward in the Revisal of 1905 (sec. 378) and in the Consolidated Statutes (sec. 423). In 1911 the General Assembly enacted a statute authorizing the receiver of any insolvent bank to demand, sue for, and collect all indebtedness due from its stockholders and providing that the receiver may within ten years after an assessment on the stock institute civil actions against the stockholders to reduce their liability thereon to final judgment. C. S., 240. Again, at the session of 1921 the Legislature enacted a series of statutes entitled "An act to regulate banking in the State of North Carolina; to provide for the incorporation of banks, and the amendment, renewal, and surrender of charters; to provide for the more thorough supervision of corporations doing a banking business; to provide penalties for the violation of laws with reference to banking and the banking business and for other purposes." Laws 1921, ch. 4. The defendant contends that these statutes operate as a revision of the banking laws and that chapter 5 of the Consolidated Statutes, including section 240, is thereby abrogated in its entirety.

We are not inadvertent to the doctrine that a revision or codification of statutes manifestly intended to embrace the entire subject of legislation has the effect of repealing former acts dealing with the same subject, although there is no repealing clause to that effect. Some of the courts say that the rule rests upon the principle of repeal by implication;

others, that it rests upon the doctrine that a revision of particular statutes by the enactment of others intended as a complete scheme of the subject imports a legislative declaration that whatever is embraced in the new law shall prevail and that whatever is excluded shall be deemed repealed. But the authorities uniformly recognize as decisive of the question either an irreconcilable conflict between statutes or the legislative intention to codify or revise the entire matter to which both statutes or both sets of statutes relate and to substitute the later legislation for the old law upon the subject. 25 R. C. L., 924 (175) ; *Murdock v. Memphis,* 20 Wall., 590, 22 Law Ed., 429; *Ice Co. v. R. R.,* 31 Ann. Cas. (N. H.), 1090; *Platt Institute v. New York,* 5 Ann. Cas., 195, and annotation; *Comrs. v. Henderson,* 163 N. C., 114.

A revision or codification of statutes, as generally understood, signifies a written expression of the entire body of the law on the particular subject; but where the scheme of revision is intended as a continuation of existing laws, together with such changes as are necessary to make them more effective or to harmonize them, the revised laws will not usually operate as a repeal. The mere enactment of a part of a former statute will not necessarily repeal the part which is not included in the subsequent act. *Howard v. Hulbert,* 88 A. S. R., 267, and annotation 287, 288.

After comparing the act of 1921 with chapter 5 of the Consolidated Statutes we are by no means convinced that the later statutes were intended by the Legislature as a repeal of the old law. The appellant insists that section 240 has been superseded by section 17 of the act of 1921, and she invites a comparison of the two sections. It is important to observe that section 240 empowers the receiver to collect by lawful process all indebtedness due from the stockholders "wherever they or their legal representatives may be served or wherever any property belonging to them may be subject to attachment or other lawful process." Section 17 leaves this provision unimpaired, but it confers on the receiver additional authority to bring suit against a resident stockholder in the Superior Court of the county in which the banking office may be located, and makes further provision as to nonresident stockholders. The object was merely to enlarge the venue. The other provisions of section 240 are not affected. And so with other sections. It is true that all laws and parts of laws in conflict with the later act are repealed (section 88), but we have discovered no provision which expressly repeals section 240, and in our judgment its repeal has not been effected by implication. As a general rule the law does not favor implied repeals. A statute may be repealed by implication and without any express words, but the leaning of the courts is against the doctrine if it is possible to reconcile the several acts. *Bunch v. Comrs.,* 159 N. C., 335. In fact, it

has been held that the implication in order to be operative must be necessary, and that even then it abrogates the older act only to the extent of its repugnancy to or inconsistency with the act of later date. *Winslow v. Morton,* 118 N. C., 486, 491; *S. v. Perkins,* 141 N. C., 797; *Kearney v. Vann,* 154 N. C., 312; *Bramham v. Durham,* 171 N. C., 196; *Sanatorium v. Lacy,* 173 N. C., 810.

The defendant has reminded us that C. S., 237, 239, and 240 in express terms apply to banks chartered under the laws of this State; that an action against a stockholder in a National Bank is barred in three years by section 423, and that the law as to State and National banks should be uniform. But these statutes were in effect when the act of 1911 (sec. 240) was enacted, and we must assume that the General Assembly acted with deliberation and had good reason for extending the limitation of actions for an assessment against the stockholders of a bank from three to ten years. The judgment is

Affirmed.