CITY OF WINSTON-SALEM v. LOTTIE WHITE ASHBY AND HUSBAND. J. P. ASHBY, ET AL.

(Filed 19 October, 1927.)

**1. Eminent Domain — Municipal Corporations — Cities and Towns — Statutes—Prerequisites—Streets and Sidewalks.**

Under the provisions of our statute, C. S., 2792, before a city may take lands by condemnation to widen its streets it is necessary for it to allege and prove that it had first attempted to acquire them by purchase or negotiations from the owners.

**2. Same—Courts—Jurisdiction.**

Section 2792 of the Consolidated Statutes requiring an attempt by a city to acquire lands of owners before proceeding to condemn the lands is jurisdictional.

**3. Statutes—In Pari Materia—Interpretation—Repugnancy.**

3 C. S., 2792(b) amending the statute relating to the acquisition by a city of lands necessary for street purposes, in this case for widening its streets, should be construed *in pari materia*, with the other sections relating to the subject so as to reasonably harmonize them, and when so construed, the provision of this section is in harmony ,with that part of section 2792, requiring that before taking by condemnation the city must first endeavor to acquire the necessary lands by purchase or negotiation with the several owners. C. S., 1715.

**4. Pleadings—Answer—Demurrer—Admissions.**

Where the complaint in condemnation proceedings of a city to acquire lands for street purposes alleges that it had previously and unsuccessfully attempted to acquire by purchase from or negotiation with the owners, the lands necessary for the purpose, and the answer makes allegation to the contrary, plaintiff's demurrer to the answer admits its truth for the purposes of the demurrer, rendering nugatory its allegations of previous unsuccessful attempt to acquire by purchase or negotiations.

APPEAL by Mrs. C. S. McArthur from *Harding, J.,* at March Term, 1927, of FORSYTH. Reversed.

This is a special proceeding instituted by the city of Winston-Salem against more than 500 defendants, including the defendant, Mrs. C. S. McArthur, for· extension and widening of West Third Street, Burke Street, Brookstown Avenue, First Street and Shallowford Street, and creating an assessment district therefor.

The condemnation of the land involved would necessarily cause the destruction and removal of buildings situated where said streets are to be opened and widened, and dwelling-houses occupied by citizens of the city. There is situated in said assessment district the First Presbyterian Church of Winston-Salem, Brown Memorial Baptist Church, St. Leo's Catholic Church, West End Methodist Church, Calvary

Moravian Church, and one of the proposed new streets goes through the property of the Broad Street Primitive Church, taking the entire church.

*Parrish & Deal for plaintiff.*
*Richmond Rucker, W. T. Wilson, Manly, Hendren & Womble, Ratcliff, Hudson & Ferrell and J. E. Alexander for defendant.*

CLARKSON, J.  The only question involved, necessary to be considered on this appeal: Must the plaintiff as a condition precedent attempt to acquire by purchase or negotiate with the owners of the land sought to be condemned?  This necessitates the construction of the statutes relating to the query.

The plaintiff alleges in its complaint: "That the city has been unable to acquire title to said parcels of land which are needed for said improvement, for the reason that the defendants and the city have been unable to agree upon the purchase price, and for the further reason that some of the defendants are *minors,* and unable to make a valid agreement as to the sale of said lands, and that the petitioner is unable to acquire said lands except by this condemnation and assessment proceedings."

In answer the defendant says: "This defendant has not sufficient knowledge or information to form a belief and, therefore, denies the same. . . .  And for a further defense to this action and bar thereto, this defendant says: That under the law of the State of North Carolina, and particularly under 2792 of the Consolidated Statutes of North Carolina, under which, as this defendant is advised, believes and alleges, the plaintiff is seeking to condemn the property of this defendant in this action, that the plaintiff has the power or authority to proceed to attempt to condemn the property of this defendant only in the event, if the governing body of said city are unable to agree with the owners thereof for the purchase of the land, privilege or easement attempted to be condemned; that no attempt or effort has been made by the city of Winston-Salem to purchase the said property of this defendant from her, or otherwise; nor has the plaintiff attempted or made an effort to agree with this defendant for the purchase of such land and the plaintiff is, therefore without authority to institute, prosecute or maintain this action for the condemnation of the lands of this defendant, or to recover therein, and this defendant, therefore, sets up and specifically pleads the same in 'bar of plaintiff's right of recovery in this action."

The plaintiff demurs to the answer as follows: "The plaintiff, the city of Winston-Salem, demurs to the further defense set out in the

answer of Mrs. C. S. McArthur, for that the same does not in law constitute a defense to the special proceeding instituted by the plaintiff. The grounds for the plaintiff's demurrer to the defense set out in paragraph one of the further defense is that it was not necessary and it would not have been proper for the plaintiff to have negotiated with the defendants in this proceeding for the purpose of acquiring the property in question, or for the purpose of fixing the amount of assessments for benefits to be made against the said defendant or any of them; that chapter 220 of the Public Laws of 1923, provides an exclusive method whereby damages and benefits shall be determined by the commissioners appointed by the clerk, and on an appeal from them to a jury at term time, and it would, therefore, be unnecessary and improper for the plaintiff to attempt, by private agreement, to settle matters which by law have been placed in the jurisdiction of the court."

The plaintiff, in its petition, alleges that it has been unable to acquire title to the land needed, as it has been unable to agree with defendants upon the purchase price. The allegation in regard to minors need not be considered as the minors are under disability. The statute does not contemplate this useless formality. *Power Co. v. Moses,* 191 N. C., p. 744.

The defendant denies the allegation of the complaint, and as a bar to the proceeding sets up as a further defense and alleges as a fact that no attempt or effort was ever made by plaintiffs to acquire the land of defendant by agreement or negotiation. The plaintiff demurs to this further answer and the question for our determination is squarely presented.

This is a preliminary jurisdictional fact. *Power Co. v. Moses, supra.* The plaintiff so considered it when it filed the petition and alleged that it had not "been unable to agree upon the purchase price." On demurrer to the further answer the plaintiff now admits that no negotiations were ever had before the special proceeding was instituted. "A demurrer to an answer admits as true every material fact alleged in the answer to the same extent and with the same force as a demurrer to a complaint." *Real Estate Co. v. Fowler,* 191 N. C., 616. It is also universally held in this jurisdiction that a defendant by demurring admits as true every material fact alleged in the complaint properly pleaded." *S. v. Trust Co.,* 192 N. C., 246.

The plaintiff brings its special proceeding under the general State statutes.

Municipal Corporations, Art. XV, Part II, Power to Acquire Property. C. S., 2791, is as follows: *"Acquisition by purchase.* When in the opinion of the governing body of any city, or other board, commis-

sion, or department of the government of such city having and exercising or desiring to have and exercise the management and control of the streets, electric light, power, gas, sewerage or drainage systems, or other public utilities, parks, playgrounds, cemeteries, wharves, or markets, open-air or enclosed, which are or may by law be owned and operated or hereafter acquired by such city or by a separate association, corporation, or other organization on behalf and for the benefit of such city, any land, right of way, water right, privilege, or easement, either within or outside the city, shall be necessary for the purpose of opening, establishing, building, widening, extending, enlarging, maintaining, or operating any such streets, parks, playgrounds, cemetery, water, electric light, power, gas, sewerage or drainage systems, wharves, or other public utility so owned, operated, and maintained by or on behalf of any such city, such governing body, board, commission, or department of government of such city may purchase such land, right of way, water right, privilege or easement from the owner or owners thereof and pay such compensation therefor as may be agreed upon."

C. S., 2792, is as follows: *"By condemnation.* If such governing body, board, commission or department of the government of such city are unable to agree. with the owners thereof for the purchase of such land, right of way, privilege, or easement, for the purposes mentioned in the preceding section (or for a site for city hall purposes, Public Laws 1923, ch. 181), condemnation of the same for such public use may be made in the same manner and under the same procedure as is provided in chapter Eminent Domain, Art. II; and the determination of the governing body, board, commission, or department of government of such city of the land necessary for such purpose shall be conclusive."

Chapter 220, Public Laws N. C., 1923, the material part:

"That section one, sub-chapter four, chapter one hundred and thirty-six, the Public Laws of one thousand nine hundred and seventeen, being sections twenty-seven hundred and ninety-one and twenty-seven hundred and ninety-two of the Consolidated Statutes, be amended by adding the following: (Section 1 not material.)

Sec. 2 (same as 3 C. S., 2792(b): "When it is proposed by any municipal corporation to condemn any land, rights, privileges or easements for the purpose of opening, extending, widening, altering or improving any street or alley, or changing or improving the channel of any branch or watercourse, for the purpose of improving the drainage conditions or the laying and construction of sanitary, storm, or trunk sewer lines in such municipality, an order or resolution of the governing body of the municipality at a regular or special meeting shall be

made stating generally, or as nearly as may be, the nature of the proposed improvement for which the land is required, and shall lay out, constitute and create an assessment district extending in every direction to the limits of the area or zone of damage or special benefits to property resulting from said improvement, in the best judgment of said governing body. Said governing body shall cause such maps and surveys to be made showing the area of such assessment district and improvements proposed to be made, and of all the lands located in said assessment district, as it may deem necessary. The governing body shall appoint a time and place for its final determination thereof, and cause notice of such time and a brief description of such proposed improvement to be published in some newspaper published in said municipality for not less than ten days prior to said meeting. At said time and place said governing body shall hear such reasons as shall be given for or against the making of such improvement, and it may adjourn such hearing to a subsequent time."

The remainder of the act provides after final order for creating assessment district, the machinery, etc. See 3 C. S., 2792 "b" to "p," inclusive.

C. S., 2791 and 2792 are not repealed, but chapter 220, Public Laws N. C., 1923, *be amended* by adding to the sections *supra.* This clearly indicates that the attempt to acquire by purchase or negotiation requirement was not repealed. There is nothing in the amendment that is in conflict with negotiations and so repugnant that it cannot be reasonably reconciled. *Greensboro v. Guilford,* 191 N. C., p. 584; *Litchfield v. Roper,* 192 N. C., 202.

The section, C. S., 2792, provides for negotiation and can be reasonably reconciled with the amendment C. S., 2792(b). When it comes to *condemnation,* two methods are provided : (1) Under C. S., 2792 "condemnation of the same for such public use may be made in the same manner and under the same procedure as is provided in chapter Eminent Domain, Art. II." (2) Under C. S., 2792(b) the amendment "when it is proposed by any municipal corporation to condemn any land," etc., according to procedure set out. 3 C. S., 2792 "b" to "p," inclusive.

"Between the two acts there must be plain, unavoidable and irreconcilable repugnancy. It is apparent that there is not such a conflict and the two acts should be construed in *pari materia." Greensboro v. Guilford, supra,* p. 589.

This construction harmonizes and gives vitality to so important a matter as negotiation before condemnation.

It may be noted that under C. S., Eminent Domain, Art. II, condemnation proceedings, sec. 1715, is as follows: *"Proceedings when parties cannot agree.* If any corporation, enumerated in section 1706 of this chapter, possessing by law the right of eminent domain in this State, is unable to agree for the purchase of any real estate required for purposes of its incorporation or for the purposes specified in this chapter, it shall have the right to acquire title to the same in the manner and by the special proceedings herein prescribed."

All the statutes, both public and private, so far examined, require negotiations before condemnation.

The principle applicable is well stated in 20 C. J., part sec. 317, p. 892-3, as follows: *"Attempt to agree with owner—a necessity.* Unless required by constitutional or statutory provision, an attempt to reach an agreement with the owner for a purchase of the land or of an easement in it is not a condition precedent to the institution of condemnation proceedings. But in some jurisdictions by express provision, either in the Constitution or by statute, and in some cases by both, proceedings to condemn property cannot be instituted unless such an attempt has been made. Such a provision is mandatory and not merely directory, and the condemnation proceedings are absolutely void in case no attempt is made before beginning them to come to an agreement with the owner." The following North Carolina cases are cited: *R. R. v. R. R.,* 148 N. C., 59, 73, 61 S. E., 683 (cit. Cyc.); *Hickory v. R. R.,* 137 N. C., 189, 49 S. E., 202; *Allen v. R. R.,* 102 N. C., 381, 9 S. E., 4. To which we add: *Hill v. Mining Co.,* 113 N. C., 259; *Durham v. Riggsbee,* 141 N. C., 128; *Greensboro v. Garrison,* 190 N. C., 577; *Power Co. v. Moses, supra.*

No doubt the reason the General Assembly of this State, in both private and public statutes, required negotiations before taking private property for public purposes was the due regard it had for the rights of landowners. The famous *Semayne case,* 5 Coke, 91 (1605), is the chief authority for the popular legal maxim, which says that every man's house is his castle. This doctrine since then has had considerable qualifications. Ordinarily, it is held in this jurisdiction that statutes that give the right to take private property for public purposes must be strictly construed and the property acquired only then by paying just compensation. It is not reasonable and right, no matter how important the undertaking, that a landowner or homeowner be brought into court without first negotiations looking to an amicable sale. In the present action it was stated on the argument of the case that the opening and widening of the streets contemplated would require an enormous outlay of money and a large number of dwelling-houses occupied by citizens

would have to be destroyed or removed. In the zone one church, at least, would be entirely destroyed. In the assessment district is situated a Presbyterian, Baptist, Catholic, Methodist and Moravian church. It is but justice to those landowners who are in the wake of this improvement that they should not be forced into court without an effort first being made to purchase from them.

We think it unnecessary to consider the demurrer to the other defenses set up in the answer.

The demurrer to the answer as herein set forth is overruled.

Reversed.