CHARLES M. KISTLER AND WIFE, JO ANN S. KISTLER v. CITY OF RA-
    LEIGH, A MUNICIPAL CORPORATION; T. A. LOVING & COMPANY, A NORTH
    CAROLINA CORPORATION, AND VERNON PEEBLES.

(Filed 6 May, 1964.)

**1. Municipal Corporations § 40—**

An action based on allegations that defendant municipality took posses-
sion of plaintiffs' property without negotiating for its purchase and seek-
ing to compel the city to surrender possession *held* not barred by charter
provisions of the city requiring an action for damages for the taking or
appropriations of private property to be instituted within 90 days, the
charter provisions being construed with other charter provisions and the
General Statutes in regard to condemnation by the city, and it appearing
that the city had denied title and had not followed either method for con-
demnation of the property.

**2. Ejectment § 8—**

A municipality is not required to file bond in defending an action for the
possession of real property, since G.S. 1-111 does not apply to the State or
its agencies.

APPEALS by plaintiffs and City of Raleigh from *Crissman, J.,* Febru-
ary 1964 Civil Session of WAKE.

This is an action to determine title to an area on Ridge Road, trape-
zoidal in shape, containing approximately 4100 square feet. Plain-
tiffs allege: They own the described area. Raleigh, acting through its
agents, Peebles and Loving & Company, took possession, changed the
grade and built thereon gutters and curbs. Raleigh has not negotiated
for the purchase of the property. Plaintiffs seek an order compelling
defendants to surrender possession. They do not seek damages for the
asserted wrongful entry or detention.

Peebles and Loving & Company demurred for that the complaint
failed to state a cause of action as to them. City of Raleigh answered.
It denied each allegation of the complaint. To bar plaintiffs' right to
recover, it pleaded the provisions of its charter requiring notice of a
claim for damages or for compensation for the appropriation of prop-
erty.

Raleigh did not file the defense bond described in G.S. 1-111. Because of the failure to file the bond there described, plaintiffs moved to strike the answer and for judgment by default final against City of Raleigh.

The court sustained the demurrers of the defendants, Peebles and Loving & Company. It held that the pleaded provisions of the city's charter did not bar plaintiffs' right to maintain the action. It denied the motion for judgment by default final against the city.

Plaintiffs and City of Raleigh excepted and appealed.

*Lake, Boyce & Lake for plaintiffs.*
*Paul F. Smith for defendant City of Raleigh.*
*Thomas A. Banks for defendant T. A. Loving & Company.*

RODMAN, J. The appeals present these questions: (1) Are plaintiffs prevented by the provisions of Raleigh's charter from maintaining this action? (2) If not, are plaintiffs, because of defendant's failure to give the bond prescribed by G.S. 1-111, entitled to judgment by default? The answer to each question is no.

Sec. 107(b) of the city's charter, c. 1184, S.L. 1949, provides: "No action for damages against the city of any character whatever, * * * including damages for the taking and/or appropriation of private property of any kind, shall be instituted against the City of Raleigh, unless within 90 days after * * * the infliction of injury * * * or appropriation of property, * * * the complainant, * * * shall have given notice in writing to the City Council of the City of Raleigh of such injury, damage, taking, appropriation, or other act complained of, * * *."

The quoted provision of the charter must, of course, be read and interpreted with other provisions of the charter, particularly the provisions relating to the city's right to acquire property by private negotiation, or failing in such negotiation to acquire title by condemnation. Raleigh is given by general law, G.S. 160-200(11), and by specific provision of its charter, sec. 22(15), authority to purchase property for the improvement of its streets. If it is unable to purchase by private negotiation, it may, as provided in sec. 104 of its charter, acquire title by condemnation. This section prescribes two methods, either of which the city may follow.

If the city and the owners are unable to agree on fair compensation, it may be determined by three disinterested freeholders of the city, one appointed by the city, one by the property owner, the third by the other two. If the property owner refuses to select a freeholder, the city may select one for him.

When the city denied plaintiffs' title, it waived the right- to have the value of the property, title to which is in controversy, determined as provided by its charter. *Mason v. Durham,* 175 N.C. 638, 96 S.E. 110; *Keener v. Asheville,* 177 N.C. 1, 97 S.E. 724; *Rouse v. Kinston,* 188 N.C. 1, 123 S.E. 482; *Crisp v. Light Co.,* 201 N.C. 46, 158 S.E. 845; *Manufacturing Co. v. Aluminum Co.,* 207 N.C. 52, 175 S.E. 698; *Eller v. Board of Education,* 242 N.C. 584, 89 S.E. 2d 144.

The charter also authorizes Raleigh to use the general law giving municipalities the power to condemn property. That right is given by G.S. 160-204. When and how it may be exercised is prescribed in G.S. 160-205.

Before the municipality can use either method to condemn, it must make a good faith effort to agree with the owner on the price to be paid. *Power Company v. King,* 259 N.C. 219, 130 S.E. 2d 318; *Winston-Salem v. Ashby,* 194 N.C. 388, 139 S.E. 764.

The charter provision requiring notice as a condition to the maintenance of an action for damages, or for compensation for property taken under the power of eminent domain, has no application to actions where the only question for decision is who owns the disputed area. Until it has been determined that plaintiffs are the owners of the area in controversy, they are not entitled to compensation nor is the city under obligation to pay. If it be adjudged that plaintiffs are the owners of the land in controversy, the city can comply with the prayer of the complaint, restore the property to its former condition and sur-render possession to the plaintiffs. They are not obligated to purchase. The city can, however, if it elects to do so, have an issue submitted as to the value of the property if the jury determines that the plaintiffs are the owners. *Ridley v. R. R.,* 118 N.C. 996, 24 S.E. 730.

The court correctly concluded that the city may defend without giving the bond called for by G.S. 1-111. The statute is not applicable to defendant Raleigh. Plaintiffs do not seek damages or loss of profits. The word "defendant" was not intended to comprehend the State or its agencies. *Miller v. McConnell,* 226 N.C. 28, 36 S.E. 2d 722; *Charlotte v. Kavanaugh,* 221 N.C. 259, 20 S.E. 2d 97; 82 C.J.S. 936.

Plaintiffs seek no relief against Peebles and Loving & Company. They assert no title of their own. The court ruled correctly in sustaining the demurrer.

Affirmed.