CITY OF CHARLOTTE, A MUNICIPAL CORPORATION v. F. GELDER ROBINSON; GORDON A. ROBINSON AND WIFE, DOROTHY L. ROBINSON; J. RUSSELL ROBINSON; NORTH CAROLINA NATIONAL BANK, SUCCESSOR TRUSTEE; AND JOSEPH E. JOHNSTON, CESTUI QUE HOLDER

No. 67SC6

(Filed 25 September 1968)

1. **Eminent Domain § 7; Injunctions §§ 7, 13—— G.S. Ch. 136 condemnation — failure to allege prior good faith negotiations — injunction to prevent taking**

    In an action by the City of Charlotte to condemn property for widening a street, the City being authorized by its charter to use the procedure prescribed in G.S. Chapter 136, Article 9, for condemning such property, a complaint which contains the allegations required by G.S. 136-103 but which fails to allege an attempt by the City to acquire the property by prior good faith negotiations *is held* to allege a defective statement of a

good cause of action, such negotiations being a condition precedent to the exercise of the power of eminent domain by the city; consequently, defendants, having aptly raised in their answer the question of plaintiff's failure to plead such negotiations, are entitled to an order restraining the City from taking their property.

**2. Eminent Domain § 7—  condemnation of entire building severed by street right of way**

Chapter 740, Session Laws of 1967, which authorizes the City of Charlotte to condemn an entire building when it is severed by a street right of way but which by proviso states that "nothing herein contained shall be deemed to give the City authority to condemn the underlying fee of the portion of any building or structure which lies outside the right of way of any existing or proposed public road, street or highway," does not prevent the condemnation of property needed to widen an existing street where such property is covered by any portion of a building, the proviso operating merely to make it clear that the City is not given authority to condemn the underlying fee to the portion of a building lying outside a proposed right of way although it may condemn that portion of the building itself.

APPEAL by defendants from *Ervin, J.,* at the 9 October 1967 Schedule D Civil Session of MECKLENBURG Superior Court.

This is a civil action brought in the Superior Court of Mecklenburg County by the City of Charlotte to condemn a portion of defendants' land for widening Sixth Street in said City. Defendants are owners or lien holders of a lot located at the northeast corner of the intersection of North Tryon Street and East Sixth Street in Charlotte. The lot fronts 46 feet 3 inches on North Tryon Street and 80 feet on East Sixth Street and is covered by a brick store building. Plaintiff filed its Complaint and Declaration of Taking and deposited with the court the sum estimated by plaintiff to be just compensation for the taking. Paragraphs 5 and 6 of the Complaint are as follows:

"5.   Section 7.81, Chapter 713 of the 1965 Session Laws of North Carolina, as amended by Chapter 216, Session Laws of 1967, a copy of which Section is set forth in Exhibit 'C' attached hereto, authorizes the City of Charlotte to follow the condemnation procedure prescribed for the State Highway Commission in Chapter 136 of the General Statutes of North Carolina.

"6.   Pursuant to the authority vested in the plaintiff under the provisions of G.S. 160-200(1), G.S. 160-204, G.S. 160-205, and G.S. 136-103 et seq., the City Council of the City of Charlotte on July 3, 1967, determined that it is necessary to condemn and appropriate the fee simple estate in the property described in Exhibit 'B', for public use in the construction of the Sixth Street Improvement Project No. 513-66-397. The estate

and the area appropriated are described in Exhibit 'B' attached hereto."

The Complaint and Declaration of Taking also have attached as exhibits the allegations and statements substantially as listed in G.S. 136-103. The description of the property acquired as attached to the Original Complaint described a strip of land at the intersection of the two streets and fronting 18 feet on North Tryon Street and running the full distance of defendants' property on East Sixth Street. Subsequently plaintiff amended the description of the property acquired to include, in addition to the 18-foot strip of land, all right, title and interest in the entire building on defendants' entire lot, with the right to enter upon the surrounding land "for the purpose of removing said structure pursuant to the authority vested in the plaintiff under the provisions of Chapter 740, Session Laws of 1967."

Defendants filed answer in which they deny plaintiff's allegations relative to the determination by the Charlotte City Council of the necessity to condemn defendants' property for the purposes stated, and in a further answer defendants allege that plaintiff has no right to condemn defendants' land "for the reason that the Plaintiff has made no allegations in its Complaint that it has undertaken to purchase said land or any part thereof, in good faith, from these answering Defendants," and on the further ground that plaintiff in this action is not undertaking to condemn the land of the defendants for any "proposed public street." Defendants ask that their answer be considered as an affidavit in the application by them for an order restraining plaintiff from taking defendants' property pending the final outcome of the case.

On 20 September 1967 Judge Snepp entered an order directing that the plaintiff appear before the judge of the superior court at the session beginning 9 October 1967 and show cause why plaintiff should not be restrained from proceeding with the condemnation of defendants' land. Pursuant to this order the matter came on for hearing before Judge Ervin, judge presiding at the 9 October 1967 Schedule D Term of the Superior Court for Mecklenburg County. After hearing, Judge Ervin entered an order on 12 October 1967 in which he made the following findings of fact:

"1. The said property taken by Plaintiff in this condemnation action is outside of the present existing Sixth Street, but within the proposed right-of-way for widening Sixth Street.

"2. That Plaintiff by the same condemnation action has taken, in its entirety, a building located in part upon the realty condemned and in part, upon a remaining portion of Defend-

ants' property, which is outside the right-of-way of the proposed widened portion of Sixth Street; and which said property has not been taken or appropriated by Plaintiff; that Plaintiff has proceeded with this condemnation action pursuant to Chapter 740, Session Laws of 1967, which is an act authorizing the City to acquire an entire structure when such structure is severed by street right-of-way, but which does not require the City to take and pay for the land from which such structure is removed beyond its proposed right-of-way for widening the street."

Based on these findings of fact, the judge concluded as a matter of law that the plaintiff may acquire by condemnation the defendants' building, and that Section 136-103 of the General Statutes and the procedure outlined thereunder do not require plaintiff to allege in its Complaint or Declaration of Taking that it has undertaken to purchase the land or had negotiated in good faith for the purchase of the land. Judge Ervin's order then provided:

"It is the opinion of the Court that the temporary restraining order restraining and enjoining Plaintiff from proceeding further with this condemnation action, and from tearing down and demolishing the building of Defendants, should be dissolved, but it shall remain in effect pending Defendants' appeal to the North Carolina Supreme Court, and the decision of that Court."

Defendants excepted and appealed, making as their only assignment of error the entry of the foregoing order.

*W. A. Watts for plaintiff appellee.*

*Hugh M. McAulay and J. C. Sedberry for defendant appellants.*

PARKER, J.

As far as the record before us discloses no restraining order has ever been entered in this case. However, since the order appealed from apparently assumed that one had been entered and the parties in their briefs and arguments before us have treated the matter as though a restraining order is in effect pending a final determination of this appeal, we have also so considered the matter.

[1] Appellants' first contention is that the Complaint is insufficient in that it fails to allege that plaintiff has made prior good faith efforts to acquire the land sought to be condemned by negotiated purchase from the defendants, citing such cases as *Hertford v. Harris*, 263 N.C. 776, 140 S.E. 2d 420; *Kistler v. Raleigh*, 261 N.C. 775, 136 S.E. 2d 78; and *Winston-Salem v. Ashby*, 194 N.C. 388, 139 S.E. 764.

Plaintiff City concedes that if the source of its authority to condemn should be the Municipal Corporations Act, G.S., Chap. 160, and particularly G.S. 160-205, or if it should be found in G.S., Chap. 40, entitled "Eminent Domain," then under the above-cited cases and many others handed down by the North Carolina Supreme Court, prior good faith negotiation is a prerequisite before the City could institute valid condemnation proceedings. The City contends, however, that allegation and proof of its prior good faith attempts to acquire the property by purchase is not required of it in the present case for the reason that the source of its authority to condemn is not found in the general law but in the express grant of that power in its City Charter; that this Charter provision makes no such requirement, but on the contrary expressly authorizes the City, in the exercise of its authority of eminent domain for the acquisition of property to be used for streets, to use the procedure and authority prescribed in G.S., Chap. 136, Art. 9. In paragraph 5 of the Complaint, plaintiff referred to Section 7.81 of the Charter of the City of Charlotte and attached as an exhibit to its Complaint a copy of this Section, which reads in part as follows:

"Section 7.81, Powers and Procedures. . . . In the exercise of the power of eminent domain, the city is hereby vested with all power and authority now or hereafter granted by the laws of North Carolina applicable to the City of Charlotte, and the City shall follow the procedures now or hereafter prescribed by said laws; provided, that in the exercise of its authority of eminent domain for the acquisition of property to be used for streets and highways and water and sewer facilities, the City of Charlotte is hereby authorized to use the procedure and authority prescribed in Article 9 of Chapter 136 of the General Statutes of North Carolina, as now or hereafter amended; . . ."

Contrary to its present argument, plaintiff alleged in paragraph 6 of its Complaint that the City Council of the City of Charlotte had determined that it is necessary to condemn defendants' property "(p)ursuant to the authority vested in the plaintiff under the provisions of G.S. 160-200(1), G.S. 160-204, G.S. 160-205, G.S. 136-103 et seq. . . ." Plaintiff concedes that if the source of its authority to condemn should be found solely in the first three of the cited Sections, which are embodied in the general Municipal Corporation Act, it would have been necessary for its Complaint to contain an allegation that prior to commencing condemnation proceedings it had negotiated in good faith to acquire defendants' property by purchase and that it had been unable to reach agreement with defendants. Plaintiff contends, however, that by Section 7.81 of its

Charter it is entitled to utilize the procedures set forth in G.S. 136-103, that it has done so in this case, and that the last cited Section expressly sets forth the allegations which must be contained in the Complaint and that this Section does not require any allegation relative to prior good faith attempts to acquire the property of the defendants by negotiated purchase.

We considered a similar contention in the case of *Highway Commission v. Matthis,* 2 N.C. App. 233, 163 S.E. 2d 35, decided by this Court 18 September 1968. In that case we held that since the effective date of G.S. 136-103 an allegation of prior good faith attempts to acquire the property by negotiation is not required in a condemnation complaint filed by the *State Highway Commission* in order to show jurisdiction, but that absent such an allegation a complaint otherwise containing the express allegations required by G.S. 136-103 would allege a defective statement of a good cause of action. In that case we held that the defendants having failed to raise the objection by demurrer or other appropriate means, having admitted in their answer the plaintiff's authority and power to condemn, and having accepted the benefit of the statute by drawing down the funds deposited with the clerk of superior court as estimated fair compensation of their property, could not later raise the question. In the case presently before us, however, the defendants have expressly raised the question in apt time and in an appropriate manner. Therefore, consistent with our holding in *Highway Commission v. Matthis, supra,* we now hold that the Complaint in the present action contains a defective statement of an otherwise good cause of action by reason of its failure to contain any allegation of an attempt to acquire the property by prior good faith negotiations. This was a condition precedent to its having authority to exercise the power of eminent domain. Absent that allegation in the Complaint defendants are entitled to an order restraining plaintiff from taking their property. The plaintiff should be given an opportunity to amend its Complaint if it should feel so advised.

[2]    Defendants also contend that the plaintiff is prevented from maintaining this action by the express language of the proviso in Chapter 740 of the Session Laws of 1967. This Chapter is entitled "An Act To Authorize The City of Charlotte To Acquire An Entire Structure When It Is Severed By Street Right Of Way," and provides in part as follows:

> "Section 1.   Where the proposed right of way of a street or highway necessitates the taking of a portion of a building or structure, the City of Charlotte may acquire, by condemnation

or purchase, the entire building or structure, together with the right to enter upon the surrounding land for the purpose of removing the building or structure. Provided, the City must make a determination based upon an affidavit of an independent real estate appraiser that the partial taking will substantially destroy the economic value or utility of the building or structure and a determination either

"(1)    that an economy in the expenditure of public funds will be promoted thereby; or

"(2)    that it is not feasible to cut off a portion of the building without destroying the entire building; or

"(3)    that the convenience, safety or improvement of the street or highway will be promoted thereby;

"Provided, further, nothing herein contained shall be deemed to give the City authority to condemn the underlying fee of the portion of any building or structure which lies outside the right of way of any existing or proposed public road, street or highway."

Defendants contend that since Sixth Street in the City of Charlotte is an existing street and since the 18-foot strip of land here sought to be condemned lies outside of the right-of-way of Sixth Street *as it presently exists,* the proviso in the statute operates to prevent the City from condemning the underlying fee to the 18-foot strip needed to widen Sixth Street. So interpreted, the proviso would prevent the condemnation of any property needed to widen any existing street where the property in question is covered by any portion of a building or structure. We do not believe the Legislature intended any such result. Chapter 740 is an enabling Act. Without its enactment the City had full authority to condemn the 18-foot strip which will be within the proposed right-of-way of the widened Sixth Street. Chapter 740 merely clarifies the City's authority to condemn, *in addition,* the building located on the entire lot of which the 18-foot strip is a part. The proviso was included to show that the grant of authority to condemn the entire building did not extend to permit condemnation of the *underlying fee* to the portion of the building situated over that part of defendants' lot *outside* of the 18-foot strip. The proviso does not operate, as defendants contend, to deny the City power to widen rights-of-way of existing streets bordered by buildings. To so construe the proviso would defeat the very purpose of the statute and choke the future development of the City. In order to utilize the 18-foot strip which plaintiff here seeks to condemn for street purposes, it is necessary that the entire building on

the entire lot of which the 18-foot strip is a part be demolished. We hold that the plaintiff City is authorized by Chapter 740 of the Session Laws of 1967 to proceed to condemn the entire building, and the proviso in the statute operates merely to make it clear that the City is not given authority to condemn the underlying fee outside of the 18-foot strip, which in any event the City is not here attempting to do.

This case is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

MALLARD, C.J., and BROCK, J., concur.