VIRGINIA ELECTRIC & POWER COMPANY v.
S. D. KING AND WIFE, BROWNING B. KING.

(Filed 10 April 1963.)

1. **Eminent Domain § 1—**

Eminent domain is the power of the sovereign, or some agency authorized by it, to take private property for public use, and the exercise of the power must be based upon the failure of condemnor and the owner to agree upon a price after *bona fide* negotiations, G.S. 40-11, and perforce the condemnor cannot seek to condemn any right which it already owns.

2. **Same; Eminent Domain § 14—**

Where condemnor asserts ownership of an easement over a part of the lands sought to be condemned, but evidence of its easement is excluded over its objection, and an award is entered without appeal therefrom, condemnor may not seek to have the value of its asserted easement paid to it out of the award which it, itself, had paid into court. G.S. 40-23.

APPEAL by petitioner from *Cowper, J.,* December 1962 Term of HALIFAX.

This is a condemnation proceeding instituted by petitioner in September 1961. In addition to allegations with respect to petitioner's right to condemn and the purposes for which it sought to condemn, it alleged: (1) The estate to be acquired in the "lands of Owners. . .is the fee simple title. . .and all Owners' rights, title and interest in and to any private or public ways within said lands. . ."; (2) "The award of the commissioners is to be in full and total payment for the lands. . . of Owners. . .and for all damages, if any, to the residue of Owners' land."; (3) A description by metes and bounds of two tracts, one containing 1.6 acres, the other containing 51.3 acres; (4) Petitioner's inability to acquire by purchase "because the Company and the said Owners have been unable to agree upon the price of the same." (5) "That the names and place of residence of the parties. . .who owns or has, or claims to own or have, estates or interests in the said lands are" defendants.

Attached to the petition was a map showing the boundaries of the two tracts as described in the petition. Within the heavy lines marking the outer boundaries of the larger tract are lighter lines which extend beyond the northern boundary of the area to be acquired. There appears within the lighter lines this legend: "V. E. & P. Co. easement 18.8 acres." Defendants by answer admitted they were the owners of the land described in the petition.

The court appointed commissioners. The evidence taken does not appear in the record, but the record does show that during the hearing

the court instructed the commissioners: "There is no evidence of any easement on the land sought to be condemned and you will erase and dismiss from your mind any reference to any easement. There is no evidence for your consideration that the defendant owns any estate less than the fee simple title to the land sought to be condemned by the petitioner." Petitioner says in its brief: "During the hearing before the commissioners, a copy of the instrument creating the perpetual easement to pond water owned by appellant over a portion of appellees' property sought in this proceeding and other evidence of such easement was excluded by the Clerk. . . . Appellant vigorously objected to these rulings and action of the Clerk. . ."

The commissioners made a report on 23 February 1962 fixing the value of the property taken. Petitioner did not by exception challenge the award. It paid the amount awarded into court to be disbursed to the owners for the rights taken.

On 9 March 1962 petitioner filed with the clerk a petition asking that it be paid from the compensation awarded the value of its asserted easement on the 18.8 acres. It bases its right to claim a part of the award on G.S. 40-23.

Defendants demurred to the petition asserting a claim to a portion of the award. On 4 October 1962 the clerk confirmed the award. At the same time he denied petitioner's right to any portion of the sum awarded. Petitioner excepted to that portion of the order denying its right to claim a part of the sum awarded and appealed to the judge. Judge Cowper affirmed the ruling of the clerk and dismissed petitioner's claim to share in the compensation awarded.

*Crew & House by W. Lunsford Crew and J. Albert House, Jr., and Hunton, Williams, Gay, Powell & Gibson by E. Milton Farley, III, for appellant.*

*Allsbrook, Benton & Knott by Dwight L. Cranford for appellees.*

RODMAN, J.  The words "eminent domain" mean the power of the sovereign or some agency authorized by it to take private property for public use. *Hedrick v. Graham*, 245 N.C. 249, 96 S.E. 2d 129; *Yadkin County v. High Point*, 217 N.C. 462, 8 S.E. 2d 470; *Spencer v. R.R.*, 137 N.C. 107. When the right is exercised, a duty is imposed on condemnor to pay just compensation for the property taken. *Mount Olive v. Cowan*, 235 N.C. 259, 69 S.E. 2d 525.

The Legislature has prescribed the manner in which the power of eminent domain may be exercised. Before the agency seeking to acquire can ask the court to condemn, it must make a bona fide effort

to purchase by private negotiation. G.S. 40-11; *Mount Olive v. Cowan, supra; Penn v. Coastal Corp.,* 231 N.C. 481, 57 S.E. 2d 817; *Winston-Salem v. Ashby,* 194 N.C. 388, 139 S.E. 764; *Allen v. R.R.,* 102 N.C. 381. The petition must allege an effort to purchase by private negotiation and the names and residences of the owners. G.S. 40-12.

If the property owned by a corporation having the right of eminent domain is inadequate for its corporate purposes, it may purchase such additional rights as it may need to serve the public. Such purchase may be with the consent of the owner or by condemnation—a purchase without the owner's consent at the value of the property taken. *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10. One cannot condemn that which he owns. To hold otherwise would ignore the requirements of G.E. 40-11.

The Legislature conferred on adverse and conflicting claimants to the sum fixed as the fair purchase price of the property taken the right to litigate their respective claims, but the phrase "adverse and conflicting claimants" does not include condemnor. The phrase "adverse and conflicting claimants" is limited to (a) those who assert adverse titles to the property and hence a conflict in interest as to the party entitled to the sum awarded, or (b) those who are in agreement as to their respective titles but are in disagreement as to the value of their respective estates and hence the proportion of the award to which each is entitled.

The language of the Supreme Court of Oklahoma in *Grand River Dam Authority v. Simpson,* 136 P 2d 879, 881, is a concise and accurate statement of the law when applied to the facts of this case. That Court said: "The institution of the proceeding admits the ownership. The condemnor cannot claim the beneficial ownership of the land and at the time assert that the condemnee claims all or some part of that interest; the proceeding in condemnation cannot be employed as a means to quiet title; and the right to exercise the power of eminent domain is dependent entirely upon the ownership being in some one other than the condemnor; the power to condemn negatives ownership in the condemnor." *Colorado M. Ry. Co. v. Croman,* 27 P 256; *Houston North Shore R. Co. v. Tyrrell,* 108 A.L.R. 1508; 29 C.J.S. 1232; 18 Am. Jur. 716.

The record does not disclose the court's reason for excluding evidence offered by petitioner for the purpose of establishing its assertion that it owned an easement on part of the larger tract. It may be the ruling was based upon the sound principle that without amendment the petitioner would not be permitted to offer evidence contrary to its allegation that the defendants were the owners in fee of the property.

The language used in excluding the evidence offered by petitioner is fairly susceptible to the interpretation and we think the court's ruling was predicated upon its conclusion that the evidence did not tend to show that defendants' land was burdened with an easement.

In either event, if the clerk's ruling was erroneous, petitioner's method of protecting itself was to except, as it did. Then, when the award was made, it had the right to object and except to confirmation because the award was based on an erroneous assumption as to the property taken. From an adverse ruling it could appeal as provided by G.S. 40-19. This it elected not to do. Presumably it made its choice after mature deliberation. It is now bound by the award which has been confirmed without objection. It cannot now challenge defendants' right to the compensation which has been awarded for the property taken from them.

Affirmed.