Abraham N. Geller, J.
In opposition to the motion to enforce the judgment or order against him by punishing him for a contempt of court, respondent has cross-moved to dismiss the proceedings as being void in law and has also by order to show cause requested leave to reargue petitioner’s original application for relief upon the ground that the special proceeding instituted therefor is void in law.
Respondent’s contention is that the court has no jurisdiction or power to grant relief sought in a special proceeding to compel an eserowee to turn over escrow funds received by him but that a plenary suit is essential as a jurisdictional matter. Since such contention is now raised for the first time and respondent interposed an answer and an answering affidavit in the special proceeding contesting on the merits petitioner’s right to relief as against him, his application for reargument is denied but is treated as a motion pursuant to CPLR 5015. (subd. [a], par. 4) to vacate the judgment or order herein upon the ground of lack of jurisdiction to render it.
*403 The undisputed facts are the following. Respondent, an attorney, represented the lessor with relation to a proposed sublease to petitioner of a portion of the space contemplated to be taken by lessor in the New York World’s Fair. He received in escrow pursuant to an escrow agreement signed by him as “Escrow Agent ” the total sum of $8,750, two of the three checks being payable to him “ as attorney,” all of them being indorsed for deposit in “ Escrow a/c #2.” The lessor subsequently advised petitioner that it had been unable to consummate the master lease and petitioner thereupon requested that respondent return the escrow sum of $8,750. Lessor’s check for that amount was received and deposited but returned for “Insufficient funds.” Despite repeated requests respondent failed to make any payment and petitioner finally instituted a special proceeding against him that he be directed to return the $8,750 escrow funds belonging to petitioner.
Respondent interposed an answer to the petition and an answering affidavit to the effect that he had turned over to his client said sum of $8,750 on the latter’s advice that these funds were not subject to escrow agreement. He urged that there were issues concerning the escrow arrangement requiring a trial. At no time did he raise any question as to the form of the proceeding or as to impairment of any rights by reason of the fact that a special proceeding and not an action had been brought.
The court determined (N. Y. L. J., March 2,1964, p. 16, col. 2) that there were no triable issues of fact raised, that respondent had not complied with his obligation and responsibility as escrowee in paying out the escrow funds for any purpose other than pursuant to the escrow agreement, and that “ upon the papers and the issues presented petitioner is entitled to the relief requested.”
A certified copy of the order thereon signed on March 6, 1964 and directing that respondent forthwith turn over said sum of $8,750, was served personally on respondent on March 19, 1964. No payment pursuant thereto having been received, petitioner brought on an order to show cause to punish for contempt returnable April 17, 1964. The motion for contempt was adjourned at respondent’s request. He forwarded his check for $1,750 on account and wrote that he would remit the balance of $7,000 as soon as he received payment of a fee arising out of the settlement of an action for another client. He subsequently delivered his check for the $7,000 but stopped payment thereon when it was deposited. Thereafter he interposed his cross motion and also applied for reargnment on the.ground that the *404 special proceeding brought by petitioner was wholly void for lack of jurisdiction.
Since there was no attorney-client relationship between petitioner and respondent, a plenary action rather than a summary proceeding would appear to have been the appropriate form and mode of procedure (Matter of Stuberfield, 284 App. Div. 989). The distinction, although loosely characterized in some opinions as jurisdictional, cannot be deemed to affect a court’s power to adjudicate a controversy duly submitted to it by both parties, where all due process requirements have been met. Although the court may, despite the failure to raise such objection, refuse to entertain a special proceeding in that form upon the ground that the issues will not be adequately presented for judicial resolution or for court purposes generally, there is no impediment upon the court’s power to entertain and adjudicate it, provided it has jurisdiction of the subject matter and of the parties and the issues are contested"on the merits. If the court finds no reason under the circumstances of the case to refuse to entertain the matter, the procedural differences between an action and a special proceeding may be waived by a respondent. Obviously, it would be grossly unfair to permit a respondent to contest a special proceeding on the merits, perhaps obtain a trial of some triable issue of fact, and after an adverse determination urge that the court was without jurisdiction and that the entire proceeding was a nullity.
This common sense and liberal view concerning the form of an action has been increasingly taken by the Legislature and by our courts and has been explicitly incorporated in CPLE 103 and 104, which read as follows
“ § 103. Form of civil judicial proceedings.
“ (a) One form of action. There is only one form of civil action. The distinctions between actions at law and suits in equity, and the forms of those actions and suits, have been abolished.
“ (b) Action or special proceedings. All civil judicial proceedings shall be prosecuted in the form of an action, except where prosecution in the form of a special proceeding is authorized. Except where otherwise prescribed by law, procedure in special proceedings shall be the same as in actions, and the provisions of the civil practice law and rules applicable to actions shall be applicable to special proceedings.
“(g) Improper form. If a court has obtained jurisdiction over the parties, a civil judicial proceeding shall not be dismissed solely because it is not brought in the proper form, but the court shall make whatever order is required for its proper prosecution.
*405 “ § 104. Construction. The civil practice law and rules shall be liberally construed to secure the just, speedy and inexpensive determination of every civil judicial proceeding.”
Differences in procedure between actions and special proceedings arc set forth in CPLR, although it may be noted that it is now provided (CPLR 411) that a judgment shall be entered determining a special proceeding as in the case of an action. Except as to those stated procedural differences, there is no basic distinction between an action and a special proceeding (CPLR 103, subd. [b]). “‘Actions’ embrace special proceedings (CPLR 105) ” (Matter of Chariot Textiles Corp. [Wannalancit Textile Co.], 21 A D 2d 762).
Here respondent interposed an answer to the petition and an answering affidavit, setting forth alleged factual and legal grounds purporting to raise a triable issue of fact. No question as to the form of the proceeding or as to procedural rights was raised. The court recognized petitioner’s right to relief, entertained its petition contested on the merits by respondent, found no triable issue of fact and treated the application as one for summary judgment. No basic right of respondent was impaired and no question of jurisdiction or power of the court was involved. Petitioner was clearly entitled to judgment against respondent for the escrow amount.
But petitioner is not entitled, merely because the civil judicial proceeding was brought in the form of a special proceeding rather than an action, to special enforcement remedies, if any, which may attach to a judgment in the special proceeding and not to an action for like relief. Its judgment or order is to be treated for enforcement purposes as if it had been obtained as the result of an action.
The question, then, is whether, under the circumstances of this case, it was proper to include in the order the provision requiring respondent to turn over to petitioner the sum of $8,750 held by him as escrowee. Since the court found that respondent had been derelict in his duty as an escrowee, the real question is whether petitioner is entitled upon such a finding to the sort of judgment which entitles it to enforcement by contempt proceedings, assuming such a finding and judgment had been made in an ordinary action.
CPLR 5105, derived without change from subdivisions 4 and 5 of section 505 of the Civil Practice Act, provides that a judgment or order may be enforced either by execution or method generally applicable to money judgments or by contempt after service of a certified copy upon the party and refusal or willful neglect to obey it, or both, where it:
*406 ‘ ‘ 1. requires the payment of money into court or to an officer of, or receiver appointed by, the court, except where the money is due upon an express or implied contract or as damages for non-performance of a contract; or
“ 2. requires a trustee or person acting in a fiduciary relationship to pay a sum of money for a willful default or dereliction of his duty.5 ’
■Subdivision 5 of section 505 of the Civil Practice Act, forerunner of CPLR 5105 (subd, 2), was added in 1947 as the result of the recommendation of the Judicial Council (see Thirteenth Annual Report, 1947, pp. 242-246). The phrase, “person acting in a fiduciary relationship ”, was clearly intended to cover without restriction or qualification any relationship of a fiduciary nature or which from the facts would be construed as of a fiduciary nature.
Thus, in Pieper v. Renke (4 N Y 2d 410), where the trial court found that a mother had turned over funds to her daughter for a specific purpose converted by the latter for her own use, and granted judgment for that amount while denying other relief, the Court of Appeals modified the judgment to include a recital that defendant had willfully breached her fiduciary duty in converting funds turned over to her as trustee and by inserting a provision requiring her to pay plaintiff said sum of money. The court pointed out that such provision would make the judgment enforcible by contempt proceedings pursuant to subdivision 5 of section 505 of the Civil Practice Act, A similar broad interpretation of the phrase, ‘ ‘ person acting in a fiduciary relationship ”, was accorded in Gluck & Co. v. Tankel (12 A D 2d 339), where the trial court had found a breach by a joint venturer of his fiduciary duty to his coventurer and included in the judgment a direction to pay plaintiff the amount adjudged within 30 days after service of a copy of the judgment. The court held that subdivision 5 was couched in broad general terms to encompass any situation of a fiduciary relationship to permit enforcement by contempt in case of willful default or dereliction of fiduciary duty.
There can be no question as to the fiduciary nature of an escrow relationship. The very purpose of an escrow arrangement is that a deposit of money or goods or documents is being made to a designated person, who expressly agrees to part with it only upon a specified condition. “ From the time the deposit is made the escrow agent becomes the trustee of both the party making the same and of the one for whose benefit it is made ” (Mechanics’ Nat. Bank v. Jones, 76 App. Div. 534, 545, affd. 175 N. Y. 518). In Farago v. Burke (262 N. Y. 229, 233) the *407 court said: <£ The law makes the depositary a trustee for both parties (Stanton v. Miller, 58 N. Y. 192); it imposes upon him a duty not to deliver the escrow to any one except upon strict compliance with the conditions imposed In Bardach v. Chain Bakers (265 App. Div. 24, 27) the court said of an escrow holder that££ Such a relationship is that of a fiduciary ”.
Since the court found that respondent had been willfully derelict in his duty as eserowee in turning these escrow funds over to his client before fulfillment of the condition imposed, petitioner was entitled to include a provision requiring respondent to pay said sum. Such order may be enforced by contempt pursuant to CPLB 5105 (snbd. 2). The same finding and result would obtain whether the form of the proceeding was an action or special proceeding.
The motion for contempt is granted and respondent’s cross motion and motion are denied. Bespondent is fined the sum of $7,000. Under the circumstances said fine is to be payable in installments and respondent may purge himself of his contempt by paying the sum of $1,000 within two weeks after service of a copy of the order hereon and a like sum of $1,000 monthly thereafter. In the event of default, petitioner may apply ex parte for an order of commitment upon proof by affidavit of default in payment of an installment.