R. C. BOYCE v. L. RAY McMAHAN

No. 7418SC351

(Filed 3 July 1974)

Contracts § 3— document subject to more detailed agreement — no enforceable contract

    A paper writing between an owner of land and a developer relating to residential development of the land which was expressly made subject to a "more detailed agreement at some specific date to be agreed to by the parties hereto" was intended by the parties to be only a preliminary statement of their objectives and was not an enforceable contract.

    Judge VAUGHN dissents.

APPEAL by plaintiff from *Kivett, Judge,* 3 December 1973 Civil Session, Superior Court, GUILFORD County. Argued in the Court of Appeals 7 May 1974.

On 1 November 1972, plaintiff instituted this action, pursuant to G.S. 41-10, to have the purported adverse claim of defendant under a paper writing executed by plaintiff and defendant removed from plaintiff's title to some 171 acres of land adjacent to his home at Sedgefield, North Carolina, and asking

that the Register of Deeds of Guilford County be directed to cancel the paper writing, a copy of which was attached to the complaint.

The paper writing which is the subject of this action is as follows:

"EXHIBIT A—AGREEMENT Deed Book 2569, Page 519

NORTH CAROLINA                     Steve Lawing   164 S
GUILFORD COUNTY                    Main   Hipi

THIS AGREEMENT made this 15th day of December, 1971, by and between R. C. BOYCE, hereinafter referred to as OWNER, and L. RAY McMAHAN, hereinafter referred to as DEVELOPER, both of Guilford County, North Carolina;

WHEREAS, OWNER owns approximately 170 acres, more or less, located in Sedgefield, North Carolina, said tract of land adjoining his residence at 3101 Alamance Road, Sedgefield, North Carolina; and

WHEREAS, OWNER is desirous of developing said land into residential lots or tracts for the purpose of sale; and

WHEREAS, DEVELOPER desires to develop said tract of land into residential lots or tracts for the purpose of sale; and

WHEREAS the OWNER AND DEVELOPER, in order to effectuate the same, desire to enter into a preliminary agreement setting out the main features as to the desires of both parties and to execute a more detailed agreement at a later date;

## WITNESSETH:

FOR AND IN CONSIDERATION OF $10.00 and other valuable considerations paid from one to the other, the receipt of which is hereby acknowledged, the parties agree as follows:

1. OWNER agrees that said land owned by him consisting of 170 acres, more or less, the same adjoining his home at 3101 Alamance Road, Sedgefield, North Carolina, shall be developed by DEVELOPER and sold as residential lots or tracts, and in order to effectuate the same OWNER agrees to convey and execute such written instruments so that DEVELOPER may proceed to make necessary arrangements to develop

Boyce v. McMahan

said tract of land by engaging and making arrangements for necessary engineering, surveys, and landscape plans, and any other matters necessary in the development of the tract of land into residential lots or tracts;

That prior to the same OWNER will convey to DEVELOPER or such persons or corporations as he designates, the said 170 acres, more or less, with the following understanding and agreement by both parties.

a) That when said lots or tracts are sold DEVELOPER will pay to OWNER the sum of $3000.00 per acre, the said $3000.00 per acre to be paid before any other costs of developing said land is paid.

b) DEVELOPER will engage the necessary engineering and landscaping personnel and proper zoning for said development and any other means necessary for furtherance of developing the said tract or land.

c) OWNER is to receive the said sum of $3000.00 from DEVELOPER upon the sale of said lots or tracts; that after the payment of same and all costs such as engineering, landscaping fees, and all expenses in developing said land, OWNER and DEVELOPER will then share the balance of the proceeds in equal shares.

d) DEVELOPER will commence to develop said land immediately after the engineering and landscape plans, maps, and other necessary preliminary arrangements are consummated.

2. That the parties hereto agree to supplement this preliminary agreement by executing a more detailed agreement at some specific and subsequent date to be agreed to by the parties hereto.

WHEREFORE, the parties hereto have executed this agreement in duplicate this the 15th day of December, 1971.

R. C. BOYCE (SEAL)
L. RAY McMAHAN (SEAL)"

Defendant answered, denying the material allegations of the complaint and averring that the paper constituted a valid, enforceable contract, and as a counterclaim asked that the contract be declared valid and enforceable and asked for specific performance and a jury trial.

Plaintiff moved for summary judgment on the ground that the paper writing did not constitute a contract, that the parties had admittedly entered into no further or additional agreement, and there was no genuine issue of material fact.

Defendant moved for summary judgment on the counterclaim on the ground that the paper writing was a valid and subsisting contract capable of supporting a decree of specific performance.

The motions for summary judgment were supported by affidavits and answers to interrogatories. The court denied plaintiff's motions for summary judgment and allowed defendant's motion ordering that plaintiff immediately convey the land to defendant but subject to conditions as follows: That when lots are sold, developer will pay owner $3,000 per acre "the said $3,000.00 per acre to be paid before any other costs of developing said land is paid"; that "developer will engage the necessary engineering and landscaping personnel and proper zoning for said development and any other means necessary for furtherance of developing the said tract or land"; that owner "is to receive $3,000.00 from developer upon the sale of lots or tracts; that after the payment of same and all costs such as engineering, landscaping fees, and all expenses in developing said land, owner and developer will then share the balance of the proceeds in equal shares"; that "developer will commence to develop said land immediately after the engineering and landscaping plans, maps, and other necessary preliminary arrangements are consummated."

From the signing and entry of judgment, plaintiff appealed.

*Smith, Moore, Smith, Schell and Hunter, by Beverly C. Moore and Richard A. Leippe, for plaintiff appellant.*

*Fisher and Fisher, by Louis J. Fisher, Jr., and Turner, Rollins and Rollins, by Thomas Turner, for defendant appellee.*

MORRIS, Judge.

Plaintiff contends that the paper writing which is the subject of this action is merely an agreement to agree, and therefore unenforceable as a contract. We think there is merit to this position.

"An offer to enter into a contract in the future must, to be binding, specify all the essential and material terms and leave nothing to be agreed upon as a result of future negotiations. (Citations omitted.)" *Young v. Sweet,* 266 N.C. 623, 625, 146 S.E. 2d 669 (1966).

" 'Unless an agreement to make a future contract is definite and certain upon the subjects to be embraced therein it is nugatory. Consequently, the acceptance of a proposition to make a contract, the terms of which are to be subsequently fixed, does not constitute a binding obligation. . . . Therefore, a contract to enter into a future contract must specify all its material and essential terms, and leave none to be agreed upon as a result of future negotiations.' 1 Elliott on Contracts, sec. 175." *Croom v. Lumber Co.,* 182 N.C. 217, 220, 108 S.E. 735 (1921).

A thorough reading of the above quoted paper writing makes it perfectly clear that the parties intended it to be a preliminary statement of their desires or objectives. It is certainly obvious that the paper writing is not sufficiently specific to be the basis for a decree of specific performance. Even if the parties had intended this document to be a final agreement, the document would not be enforceable, for the parties have expressly made it subject to a "more detailed agreement at some specific date to be agreed to by the parties hereto." The paper writing was executed and made expressly subject to a future agreement—an agreement which could be vitiated by either party's refusal to acquiesce in a proposed term. The paper writing before us is, therefore, unenforceable, and the order of the trial court awarding specific performance must be reversed and the cause remanded for the entry of an order granting plaintiff's motion for summary judgment.

Reversed.

Judge CAMPBELL concurs.

Judge VAUGHN dissents.