BOARD OF TRANSPORTATION v. R. MAYNARD ROYSTER AND WIFE, GRACE
T. ROYSTER; COUNTY OF WAKE

No. 7810SC273

(Filed 20 February 1979)

1. **Eminent Domain § 7.4— condemnation proceeding—more than one tract—
   amendment to include additional land**

   Under Art. 9 of G.S. Ch. 136 a single condemnation proceeding may in-
   clude more than one tract of land, and the proceeding may be amended to in-
   clude additional land if such land is described in the complaint and declaration
   of taking and in the land records of the county through a memorandum of ac-
   tion as required by G.S. 136-104, and if the deposit is increased where the sum
   estimated for just compensation is increased.

2. **Eminent Domain § 7.4— condemnation proceeding—noncontiguous tracts**

   The Board of Transportation may include in a condemnation proceeding
   against an opposing party owner multiple tracts of land which are not con-
   tiguous.

3. **Eminent Domain § 7.4— condemnation proceeding—right to amend complaint**

   The Board of Transportation had a right to amend its complaint without
   leave of court in a condemnation proceeding to add a second tract to the pro-
   ceeding and to correct a mistake which resulted in a deposit for fair compensa-
   tion for lands not included in the original complaint and declaration of taking
   where defendants had not served a responsive pleading on the Board, G.S.
   1A-1, Rule 15(a), and where the amendment was made in compliance with the
   condemnation statutes.

4. **Eminent Domain § 7.1; Attorneys at Law § 7.3— condemnation proceeding—
   attorney fees**

   In a condemnation proceeding instituted by the Board of Transportation,
   the trial court erred in awarding attorney fees of $240.00 to defendants after

1

the court denied their motion to strike a second amended complaint filed by the Board, since the proceeding does not fall within any of the categories for which attorney fees may be awarded in condemnation cases under G.S. 136-119.

APPEAL by defendants from *Brewer, Judge*. Order entered 8 February 1978, in Superior Court, WAKE County. Heard in the Court of Appeals 11 January 1979.

Defendants were the owners of two tracts of land on Cary-Macedonia Road, lying approximately 1/2 mile from South Hills Shopping Center. Defendants' residence was situated on one tract (Tract "A") and their other tract (Tract "B") was separated from Tract "A" by the Cary-Macedonia Road.

On 15 February 1977, plaintiff filed summons, complaint, declaration of taking and notice of deposit for the purpose of appropriating a portion of defendants' lands for highway purposes. This action was numbered 77CVS661. The description of the lands affected in the pleadings described Tract "B". On 17 February 1977, defendants withdrew the $65,250.00 deposited in court by plaintiff as estimated just compensation.

On 6 June 1977, plaintiff filed a second action against defendants, denominated as Civil Action 77CVS2498, for the purpose of appropriating a certain tract of land owned by defendants in Wake County with a deposit of $625.00. The Complaint in Civil Action 77CVS2498 contained an Exhibit "B" which contained exactly the same description as that found in Civil Action 77CVS661. Defendants did not apply for an Order disbursing the $625.00 deposited as "just compensation" by plaintiff.

On 19 September 1977, plaintiff attempted, by motion in the cause, to obtain judicial assistance in requiring defendants to quit Tract "A". Upon holding a hearing on this motion, the Superior Court determined that plaintiff had condemned Tract "B", not Tract "A", and therefore denied plaintiff's request for relief.

Thereafter plaintiff filed an amended complaint, supplemental memorandum of action and notice. The amendment described Tract "A", but gave the wrong deed reference. This amendment purported to substitute, for the description of Tract "B", the description of Tract "A". Another motion in the cause was filed,

again seeking possession of Tract "A". Defendants moved to strike the amendment to the complaint.

On 3 November 1977 Judge Herring granted defendants' motion to strike. Thereafter, on 28 November 1977, plaintiff filed an amended complaint, declaration of taking and notice of deposit. Rather than attempting to substitute the description of Tract "A" for the description of Tract "B", the amended complaint correctly described, and condemned, both parcels. The amended complaint was accompanied by an additional deposit of $3,075.00 as estimated just compensation, alleged that the sum of $65,250.00, previously deposited, was not plaintiff's estimate of just compensation for Tract "B", but was in fact plaintiff's estimate of just compensation for Tract "A", and alleged that the amount of money now deposited in the cause (77CVS661) was plaintiff's estimate of just compensation for the taking of Tracts "A" and "B".

Defendants thereafter filed a motion to strike the second amended complaint, which was denied by Judge Herring. Plaintiff then filed a motion in the cause seeking possession of Tract "A". The relief requested in this motion was granted by Judge Brewer on 8 February 1978. On that same day Judge Brewer ordered plaintiff to pay defendants' counsel $240.00 attorney's fees.

Plaintiff appeals from Judge Brewer's order allowing counsel fees. Defendants appeal from the denial of their motion to strike the amended complaint of 28 November 1977, and Judge Brewer's order of 8 February 1978 granting plaintiff immediate possession of Tract "A". No answer has been filed.

*Attorney General Edmisten by Associate Attorney R. W. Newsom III for the State.*

*Teague, Johnson, Patterson, Dilthey & Clay by Robert W. Kaylor for defendant appellants.*

CLARK, Judge.

The defendants assign as error the trial court's denial of their motion to strike the Board of Transportation's second amended complaint and declaration of taking of Tract "B" by adding Tract "A", contending that by adding the separate tract, not contiguous to the Tract "B", a different and separate condemna-

tion proceeding was instituted without strict adherence to the requirements of G.S. 136-103.

It is clear from the record on appeal that defendants owned two tracts of land separated by the Cary-Macedonia Road; that in the proceeding before us the Board of Transportation in its complaint described Tract "B" by mistake instead of Tract "A" and deposited $65,250.00, the estimated just compensation for Tract "A"; and that the purpose of amending the complaint was to correct the mistake by adding Tract "A" and depositing $3,075.00, the estimated just compensation for Tract "B", which originally was described in this proceeding.

G.S. 136-103 requires a description of "the entire tract or tracts" in both the declaration of taking and the complaint, and provides for amendment to both and an "increase [in] the amount of its deposit . . . ." If there is an amendment affecting the property, G.S. 136-104 requires a supplemental memorandum of action. The purpose of this requirement is that any amendment affecting the property taken will be entered in the land records of the county. *State v. Johnson*, 278 N.C. 126, 179 S.E. 2d 371 (1971).

[1] It is clear that under Article 9, Chapter 136, General Statutes of North Carolina, a single condemnation proceeding may include more than one tract of land, and that the proceeding may be amended to include additional land provided that the additional land is described in the complaint and declaration of taking and in the land records of the county through a memorandum of action as required by G.S. 136-104, and further, that the deposit is increased if the sum estimated for just compensation is increased. The condemnation statutes do not require that multiple tracts be contiguous in a condemnation proceeding.

[2] A condemnation proceeding under Article 9, Chapter 136, is a civil action and is subject, as are other civil actions, to the Rules of Civil Procedure, G.S. 1A-1, Rule 1. Rule 18 removes all restrictions on the number or kinds of claims that may be joined by a party and moves the question of claims joinder into the area of trial or preparation for trial stage of the lawsuit. Shuford, N.C. Civil Practice and Procedure, § 18-3. Clearly, the Board of Transportation may include in a condemnation proceeding against an opposing party owner multiple tracts of land which are not contiguous.

[3] In the case *sub judice*, since the Board of Transportation could have included both Tracts "A" and "B" in a single condemnation, the Board had the right to amend this proceeding by adding Tract "A", though Tract "A" was separated from Tract "B" by the Cary-Macedonia Road, provided that the amendment is made in compliance with the condemnation statutes, (Art. 9, Ch. 136, General Statutes of North Carolina), and the Rules of Civil Procedure, G.S. 1A-1. The Board amended its complaint under G.S. 1A-1, Rule 15(a), which provides for amendment without leave of court before a responsive pleading is served. The defendants had not served a responsive pleading upon the Board of Transportation. In denying the motion of the defendants to strike the second amended complaint and declaration, the trial court properly ruled that the Board of Transportation had complied with the amendment provisions of Rule 15(a) and the condemnation statutes.

The order of the trial court denying defendants' motion to strike does not prejudice the right of the defendants to raise relevant issues of fact or law in their responsive pleading or their right to move for severance under Rule 42(b) "in the furtherance of convenience or to avoid prejudice. . . ." Severance is not a matter of right but lies within the court's discretion. *Aetna Insurance Co. v. Carroll's Transfer, Inc.*, 14 N.C. App. 481, 188 S.E. 2d 612 (1972).

It is noted that the amendment not only adds a second tract to the proceeding but also seeks to correct a mistake which resulted in a deposit for fair compensation for lands not included in the original complaint and declaration of taking. When the condemnor has made an appraisal of lands taken but the lands described in the condemnation proceedings do not conform to the lands appraised, the condemnor may amend the proceeding to properly describe the lands upon which the appraisal was made. *McClarren v. Jefferson School Township*, 169 Ind. 140, 82 N.E. 73 (1907); *Darrow v. Chicago L.S.&S.B. Ry.*, 169 Ind. 99, 81 N.E. 1081 (1907); *Blissfield Community Schools District v. Strech*, 346 Mich. 186, 77 N.W. 2d 785 (1956).

We find no error in the order denying defendants' motion to strike plaintiff's second amendment of the complaint.

[4] Plaintiff has appealed from the order of the trial court awarding defendants attorney fees in the sum of $240.00. G.S. 136-119 authorizes the landowner to recover attorney fees in cases of inverse condemnation, in cases in which the Board of Transportation has no right to condemn, and in cases abandoned by the Board. The case *sub judice* does not fall within any of the statutory categories, and therefore the trial court erred in awarding counsel fees to defendants.

Affirmed as to the order denying defendants' motion to strike the second amended complaint and the order granting plaintiff immediate possession of Tract "A".

Reversed as to the order awarding counsel fees to defendants.

Affirmed in part; Reversed in part and remanded.

Judges VAUGHN and HEDRICK concur.