VIRGINIA ELECTIC AND POWER COMPANY v. MARSHALL F. TILLETT, JR. AND WIFE, BLYTHE TILLETT

No. 841SC624

(Filed 19 March 1985)

**Eminent Domain § 7— condemnation—action to quiet title heard by consent of parties—improper**

Because of the fundamental procedural and substantive differences between civil actions to quiet title and special proceedings to condemn land, parties to a non-adversary condemnation proceeding cannot consent to settle incidental questions of title to land. A quiet title action is by definition an action between two adverse parties, while a condemnation proceeding is a proceeding *in rem* against the property; moreover, a separate procedure is specified by statute for actions by private condemnors, and neither the rules of civil procedure nor the statutes governing special proceedings apply unless specifically noted in the statute. G.S. 1A-1, Rule 15(b); G.S. 1-393; G.S. 40A-1.

APPEAL by respondents from *Watts, Judge.* Judgment entered 24 February 1984 in Superior Court, DARE County. Heard in the Court of Appeals 7 February 1985.

This appeal involves a condemnation proceeding in which petitioner Virginia Electric and Power Co. (VEPCO) seeks an easement for constructing its power lines over certain property in which respondents claim an ownership interest.

In May of 1982 VEPCO began constructing power lines over land that it allegedly had purchased from Estelle B. Tillett in

1981. Respondent objected to VEPCO's actions claiming that he and his immediate family owned part of the land, a 9.565 acre tract. VEPCO's title to the land in question purports to originate with a grant from the State of North Carolina issued in 1928. Respondents claim title to the land through a grant issued by the State in 1896.

VEPCO and respondent engaged in negotiations that resulted in an agreement whereby VEPCO was allowed to proceed with the construction of its power lines while the conflicting claims of ownership were to be settled in legal proceedings. This agreement was signed by Judge Allsbrook as a consent order. In addition to allowing VEPCO to enter on the land, the order contained the following language in one of its numbered provisions:

> The parties acknowledge without prejudice to Respondents' rights to contend otherwise that Petitioner claims fee simple title to all of the land within the boundaries of the 9.565 acre tract of land described in the aforesaid deed to Petitioner recorded in Deed Book 332, page 161, Dare County Registry, subject only to an undivided interest in a portion of said tract owned by the Respondent, Marshall F. Tillett, Jr., and that Petitioner claims said undivided interest to be less than six percent. The descriptive term "easement" applied to the strip of land upon which Petitioner intends to construct facilities shall not prejudice Petitioner's claim of title to all of said 9.565 acre tract subject only to such interest in such portion thereof as may be adjudged in this proceeding to be owned by Respondents.

The "proceeding" referred to in the consent order is the condemnation proceeding filed by VEPCO that is the subject of this appeal and to which the consent order was attached as an exhibit.

The condemnation proceeding was initiated on 20 July 1982 when VEPCO filed a petition in Dare County Superior Court. In the petition, the land sought to be condemned was described as follows:

> [A]n undivided interest owned by Marshall F. Tillett, Jr. in a portion of the 9.565 acre tract of land in Nags Head Township, Dare County. . . . [VEPCO] is informed, believes and alleges that Respondent Marshall F. Tillett, Jr. owns less

than a six per cent undivided interest in a portion of said tract, which portion [VEPCO] is unable to locate.

Included in the petition was the description of the tract as in the 1981 deed from Estelle B. Tillett to VEPCO. By stipulation of the parties in the record, it appears that, contemporaneous with the filing of the petition, a summons was issued and was duly served on respondents. On 29 July 1983, they responded to the petition.

That response describes the nature of the conflicting claims of title and may be summarized as follows:

In 1973, Marshall Tillett, Sr., one of respondent's predecessors in title, filed a boundary line proceeding. The respondents in that earlier action, one of whom was Estelle B. Tillett, denied title in Marshall Tillett, Sr., and filed a counterclaim in which they claimed title for themselves. The proceeding was thereby converted to an action to quiet title. A directed verdict was rendered against petitioner on the principal claim and respondents took a voluntary dismissal of the counterclaim. No appeal was taken. On 3 December 1981, VEPCO acquired from Estelle B. Tillett a deed purporting to convey fee simple title to land that includes the land involved in the 1973 action and to which respondents claim title.

In their response, respondents claim that by filing the petition in condemnation, VEPCO admits that respondents own an interest in the land to which VEPCO claims fee simple title by virtue of the 1981 deed from Estelle B. Tillett. In addition to the 6% interest said to have been admitted by VEPCO, respondents claim an additional 64% interest under a 1982 deed from Marshall F. Tillett, Sr., the petitioner in the 1973 action. Respondents claim that VEPCO's admission of only a 6% interest is based on its contention that respondents did not acquire an interest in the land from Marshall F. Tillett, Sr. Respondents assert that VEPCO, after admitting an ownership interest in respondents, is barred from attempting to assert a superior title to the same land.

In separate counterclaims, respondents claim (1) that the 1981 deed from Estelle B. Tillett to VEPCO that purported to convey a portion of the disputed tract constitutes a cloud on their title and

(2) that they have been damaged by VEPCO's unauthorized entry on their land.

VEPCO filed a responsive pleading in which it denied the material allegations of the response and further asserted that respondents were estopped from asserting any defense inconsistent with the terms of the consent order. Responding to the counterclaims, VEPCO contended that respondents were barred by *res judicata* and collateral estoppel from asserting claims to the disputed land based on any deed from Marshall F. Tillett, Sr. Specifically, VEPCO contended that the 1973 boundary dispute/ quiet title action was decided in favor of Estelle B. Tillett, its grantor, and against Marshall F. Tillett, Sr., respondents' grantor, and that that 1973 action was conclusive as to the parties to the present action as to all claims that could have been asserted therein. VEPCO further contended that the consent order estopped respondent from making any claim for damages for trespass by VEPCO.

Thereafter, both parties moved for summary judgment and supported their motions with exhibits, affidavits and responses to discovery. On 28 February 1984, Judge Watts entered summary judgment for VEPCO, making the following pertinent findings of fact:

> Petitioner filed this proceeding pursuant to Chapter 40A of the General Statutes of North Carolina, alleging the right to acquire an easement of right-of-way over certain land in which respondents own an undetermined fractional interest, asking for injunctive relief, and invoking the statutory procedure for the determination of just compensation to which respondents may be entitled for the taking of any property interest of respondents. Simultaneously with the filing of the petition, a Consent Order was entered wherein it was ordered that respondents are enjoined from interfering with petitioner's personnel within the easement of right-of-way described in the petition and providing, further, that in this proceeding the Court would determine what interest respondents own in the 9.565 acre tract of land described in the petition, and providing, also, that commissioners would in due course be appointed to determine just compensation for such property interest of respondents as petitioner acquires as the

result of this proceeding. By the terms of said Consent Order, as it is construed by this Court, the parties have consented to the Court's determining whether respondents own an interest in any part of the 9.565 acre tract of land described in the petition and, if so, the extent of that interest, and they have consented to a determination by commissioners, pursuant to statutory procedure, of just compensation to which respondents shall be entitled as a result of petitioner's acquiring, in this proceeding, any property interest owned by respondents in any portion of said 9.565 acre tract. The Court has found as a matter of law that respondents have no property interest in any part of said 9.565 acre tract of land and therefore they are not entitled to an award of compensation.

From the entry of judgment for VEPCO, respondents appealed.

*Leroy, Wells, Shaw, Hornthal and Riley by Dewey W. Wells and Robert W. Bryant, Jr., for petitioner-appellee.*

*Shearin and Archbell, by Roy A. Archbell, Jr., for respondent-appellants.*

EAGLES, Judge.

Respondents assign error to the entry of summary judgment for petitioners and state their first argument as follows: "Was the trial court precluded from ruling 'as a matter of law' that respondents had no interest in the *locus in quo* when petitioner had judicially admitted that respondents owned an undivided interest in the *locus*?"

This argument is based on the fact that VEPCO on several different occasions admitted that respondents owned some portion of the 9.565 acre tract of land over which VEPCO was seeking an easement by condemnation for the purpose of constructing its power lines. Though the extent of the respondents' interest is not clear, the admissions are uncontradicted matters of record. Citing authority, respondents argue that these admissions are binding on the court and preclude a finding that respondents have no interest in the subject property.

Respondents' second argument hints at a more fundamental error that, in our opinion, controls our disposition of the case. In

this argument, respondents contend that it was error for the court to determine the ownership of the subject property in the context of a condemnation proceeding. We agree with respondents and further hold that the condemnation action should have been dismissed.

This case began as a condemnation proceeding under G.S. Chapter 40A. The judgment from which appeal was taken held that title to the entire tract was in VEPCO, the petitioner-condemnor, and that respondents were owed nothing. How the court, with the apparent consent of the parties, reached the result that it did on the basis of the pleadings that were filed cannot be determined from the record and presents a situation for which our research reveals no precedent.

VEPCO contends that the issue of title to the land was tried by consent of the parties. As authority for this contention, it cites G.S. 1A-1, Rule 15(b), which provides, "when issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." VEPCO argues that the consent order signed by the parties and Judge Allsbrook constitutes express consent to convert the condemnation proceeding to an action to quiet title and that, since respondents offered evidence supporting their claims of title, the issue was tried in any event by implied consent.

The key fallacy in this argument is that the Rules of Civil Procedure do not apply to condemnation proceedings under G.S. Chapter 40A. Under our law, a condemnation proceeding is a "special proceeding." *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953). Among non-criminal actions, this designation distinguishes condemnation proceedings from ordinary civil actions. *See* G.S. Sections 1-1 through 1-6. Some jurisdictions hold this to be a distinction without a difference. *See, e.g. Avalon East v. Monaghan*, 43 Misc. 2d 401, 251 N.Y.S. 2d 290 (1964) (New York Civil Practice Rules). Our Rules of Civil Procedure for the most part are copies of the corresponding federal rules. However, our Rule 1 differs from the federal rule in a way that is significant here. The federal rule reads in pertinent part:

Scope of Rules

These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admirality.

28 USCA Rule 1 (Supp. 1984). The corresponding North Carolina rule reads in pertinent part:

Scope of Rules

These rules shall govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute.

G.S. 1A-1, Rule 1. Even where an action is a special proceeding, the Rules of Civil Procedure are in many cases made applicable by G.S. 1-393, which provides, "The Rules of Civil Procedure and the provisions of this chapter on civil procedure are applicable to special proceedings, except as otherwise provided." Condemnation proceedings by the State, formerly special proceedings, *see Collins v. Highway Comm'n, supra,* have been held to be civil actions to which the Rules of Civil Procedure apply. *Board of Transportation v. Royster,* 40 N.C. App. 1, 251 S.E. 2d 921 (1979); Shuford, N.C. Civil Practice and Procedure, Section 1-5(k) (1981 and Supp. 1983). In actions by private condemnors, however, a separate procedure is specified and that procedure is the exclusive means by which private condemnors may condemn land. G.S. 40A-1. Unless specifically noted, neither the Rules of Civil Procedure nor the statutes governing special proceedings, G.S. 1-393 *et seq.,* apply. *E.g.,* G.S. 40A-22 (summons in condemnation proceedings served on parties as in other special proceedings). Pursuant to this procedure, condemnation proceedings are commenced differently from ordinary civil actions, different documents are required to be filed and served, and the filing deadlines are different. *Compare, e.g.,* G.S. 40A-22 (service of process at least 10 days prior to hearing by court) and G.S. 1A-1, Rule 4 (process must be served within 30 days of issuance of summons).

An action to quiet title is an ordinary civil action. G.S. 41-10. *See, e.g., Boyce v. McMahan,* 22 N.C. App. 254, 206 S.E. 2d 496, *aff'd,* 285 N.C. 730, 208 S.E. 2d 692 (1974). Since no separate procedure is specified, the Rules of Civil Procedure apply. G.S. 1A-1,

Rule 1. A quiet title action is by definition an action between two adverse parties. *Vandiford v. Vandiford*, 241 N.C. 42, 84 S.E. 2d 278 (1954). A condemnation proceeding, on the other hand, is a proceeding *in rem* against the property. *Redevelopment Comm'n v. Hagins*, 258 N.C. 220, 128 S.E. 2d 391 (1962).

We are aware that some special proceedings may be converted to civil actions where the parties by their pleadings raise questions which only a court of law may decide. There, G.S. 1-399 directs the clerk of court to transfer the cause to the civil issue docket for trial as in other civil actions. A pertinent example involves boundary dispute proceedings under G.S. Chapter 38 where a party puts the title to the disputed area in issue. The proceeding is converted to an action to quiet title under G.S. 41-10 and is transferred to the civil docket for trial before a judge. *E.g., Simmons v. Lee*, 230 N.C. 216, 53 S.E. 2d 79 (1949). There is no similar statute for condemnation proceedings and G.S. 1-399 does not apply.

Because condemnation is a special proceeding, the Rules of Civil Procedure do not apply to allow issues outside the pleadings to be tried by consent of the parties. Though it is sometimes possible to convert special proceedings to civil actions, the situations where that is true are limited and are governed by statute. Our research has disclosed no statutory or procedural mechanism by which a condemnation proceeding under G.S. Chapter 40A may be converted to a civil action to quiet title. Nor have we found any precedent in case law. The question remaining is whether this conversion may be accomplished by consent of the parties.

Because of the fundamental procedural and substantive differences between civil actions to quiet title and special proceedings to condemn land, we do not think that parties to a non-adversary condemnation proceeding can consent to settle incidental questions of title to land. The nature of the issues raised simply will not admit of simultaneous resolution. Though we have found no controlling precedent, our reading of applicable statutes and case law supports this view.

It is clear that one cannot condemn that which he owns. Our Supreme Court in *VEPCO v. King*, 259 N.C. 219, 130 S.E. 2d 318 (1963) quoted as "a concise and accurate statement of the law" the following language from an Oklahoma case:

The institution of the proceeding admits the ownership. The condemnor cannot claim the beneficial ownership of the land and at the time assert that the condemnee claims all or some part of that interest; the proceeding in condemnation cannot be employed as a means to quiet title; and the right to exercise the power of eminent domain is dependent entirely upon the ownership being in someone other than the condemnor; the power to condemn negatives ownership in the condemnor.

*Id.* at 221, 130 S.E. 2d at 320 *quoting Grand River Dam Authority v. Simpson*, 192 Okla. 338, 340, 136 P. 2d 879, 881 (1943) (citations omitted). Other North Carolina cases as well have held in effect that the only issue that may be determined in a condemnation proceeding is the value of the property interest taken. *E.g., City of Charlotte v. Spratt*, 263 N.C. 656, 140 S.E. 2d 341 (1965). Issues regarding title to the condemned land are collateral issues and are properly the subject of separate proceedings. *Barnes v. Highway Comm'n*, 257 N.C. 507, 126 S.E. 2d 732 (1962). Where conflicting claims of parties are not resolved prior to the condemnation, the law provides a method for determining the proper disposition of the funds paid by the condemnor. *VEPCO v. King, supra*; G.S. 40A-31. That statute does not encompass the situation where, as here, one of the conflicting claimants is the condemnor. *Id.*

That situation was presented in *In Re Simmons*, 5 N.C. App. 81, 167 S.E. 2d 857 (1969), though in a slightly different procedural context. There, the petitioner alleged ownership of a tract of land it sought to condemn. Claiming that petitioner sought not to condemn but to quiet title, the respondents moved to dismiss and the motion was granted. On appeal, this Court upheld the trial court's dismissal of the proceeding, saying that the "best interests of efficient judicial administration would not be served by determining the issue of damages prior to determining the issue of title." *Id.* at 87, 167 S.E. 2d at 861.

In our view, the primary difference between *Simmons* and the present case is that VEPCO here claims that the title issue in this case was tried by consent. Indeed, it appears from the pleadings and consent judgment that the parties tried to obtain judicial resolution of the value of the easement sought by VEPCO as well

as the extent of their ownership interests in the land over which the easement was to run. If the court's judgment had been more favorable to respondents, we doubt that this case would be here. For the reasons stated, a condemnation proceeding may not be converted to an action to quiet title even when the parties to the condemnation action stipulate that it may. Rather, where it appears that a condemnor claims an ownership interest in the property sought to be condemned, the appropriate action for the court would be to dismiss the condemnation proceeding without prejudice, permitting it to be reinstituted, if necessary, when the collateral issues regarding title to the land have been resolved, either by settlement or litigation.

Because the question of title to the disputed tract was never properly before the trial court, we do not consider whether its judgment on that question was correct. Because the other alleged errors assigned by respondents are not likely to occur in whatever subsequent proceedings are had, we do not consider them either. The judgment of the trial court is therefore vacated and the cause remanded with instructions that it be dismissed.

Vacated and remanded.

Judges ARNOLD and PARKER concur.