VIRGINIA ELECTRIC AND POWER COMPANY v. MARSHALL F. TILLETT, JR. AND WIFE, BLYTHE TILLETT

No. 227PA85

(Filed 18 February 1986)

**Eminent Domain § 7.1; Rules of Civil Procedure § 1— condemnation proceeding by private condemnor—Rules of Civil Procedure applicable**

N.C.G.S. 40A-12 and N.C.G.S. 1-393 give trial courts clear authority to apply the Rules of Civil Procedure in private condemnation proceedings instituted pursuant to N.C.G.S. Ch. 40A, at least to the extent that those rules do not directly conflict with procedures specifically mandated by Ch. 40A.

ON discretionary review of the decision of the Court of Appeals, 73 N.C. App. 512, 327 S.E. 2d 2 (1985) vacating and remanding summary judgment entered 24 February 1984 by *Watts, J.*, in the Superior Court, DARE County. Heard in the Supreme Court 16 December 1985.

*Hornthal, Riley, Ellis & Maland, by Robert W. Bryant, Jr., and L. P. Hornthal, Jr., for the plaintiff appellee.*

*Shearin & Archbell, by Roy A. Archbell, Jr., for the defendant appellant.*

MITCHELL, Justice.

This appeal involves a condemnation proceeding which the appellee Virginia Electric and Power Company (hereinafter "VEPCO") commenced by filing a petition in Superior Court to condemn an easement over property in which the appellants, Marshall F. Tillett, Jr. and his wife, Blythe Tillett, claim an ownership interest.

In May 1982, VEPCO began constructing power lines over land that it allegedly had purchased from Estelle B. Tillett in 1981. The appellant, Marshall F. Tillett, refused to allow VEPCO employees to proceed with construction claiming that he and his family owned an undivided interest in the 9.565 acre tract. VEPCO's claim to title to the land in question purports to originate with a grant from the State of North Carolina issued in 1928. The appellants claim title to the land through a State grant issued in 1896.

The parties engaged in negotiations resulting in an agreement whereby VEPCO was allowed to proceed with construction of the power lines while the conflicting claims of ownership were being resolved in legal proceedings. Judge Allsbrook signed the agreement as a consent order which contained the following language:

> The parties acknowledge without prejudice to Respondents' rights to contend otherwise that Petitioner [VEPCO] claims fee simple title to all of the land within the boundaries of the 9.565 acre tract of land described in the aforesaid deed to Petitioner recorded in Deed Book 332, page 161, Dare County Registry, subject only to an undivided interest in a portion of said tract owned by the Respondent, Marshall F. Tillett, Jr., and that Petitioner claims said undivided interest to be less than six percent. The descriptive term "easement" applied to the strip of land upon which Petitioner intends to construct facilities shall not prejudice Petitioner's claim of title to all of said 9.565 acre tract subject only to such interest in such portion thereof as may be adjudged in this proceeding to be owned by Respondents.

On 20 July 1982, VEPCO filed a petition in Superior Court initiating the condemnation proceeding. The land sought to be condemned was described as "an undivided interest owned by Marshall F. Tillett, Jr. in a portion of the 9.565 acre tract of land in Nags Head Township, Dare County." Included in the petition was the description of the tract as set out in the 1981 deed from Estelle B. Tillett to VEPCO. Contemporaneous with the filing of the petition, a summons was issued and duly served on the appellants.

In response to the condemnation petition, the appellants claimed that in 1973, Marshall Tillett, Sr., one of their predecessors in title, filed a boundary line proceeding against Estelle B. Tillett. She in turn filed a counterclaim denying title in Tillett, Sr. The proceeding was converted into an action to quiet title. A directed verdict was entered against Tillett, Sr. and Ms. Tillett took a voluntary dismissal of her counterclaim. No appeal was taken. On 3 December 1981, VEPCO acquired from Estelle B. Tillett a deed purporting to convey fee simple title to land that includes the land involved in the 1973 action and to which the appellants claim title.

The appellants contend that by filing the condemnation petition, VEPCO admitted that the appellants own an interest in the land in question. In addition to the six percent interest which the appellants contend VEPCO admitted they owned, the appellants also claim an additional sixty-four percent interest under a 1982 deed from Marshall F. Tillett, Sr., the petitioner against whom a directed verdict was entered in the 1973 action. The appellants claim that since VEPCO admitted an ownership interest in them, it was barred from attempting to assert a superior title to the same land in the condemnation proceeding. In separate counterclaims, the appellants claim that (1) the 1981 deed from Estelle B. Tillett to VEPCO constitutes a cloud on their title, and (2) they have been damaged by VEPCO's unauthorized entry on their land.

VEPCO filed a responsive pleading denying the material allegations of the appellants' answer and asserting that the appellants were estopped from asserting any defense inconsistent with the terms of the consent order. In response to the counterclaims, VEPCO contends that the appellants are barred by *res judicata* and collateral estoppel from asserting title based on any deeds from Marshall F. Tillett, Sr. VEPCO contends that the 1973 action between Tillett, Sr. and Estelle B. Tillett was conclusive as to the parties in the present action. VEPCO further contends that the consent order gave rise to an estoppel preventing the appellants from having any claim for damages for trespass.

Both parties filed motions for summary judgment. Prior to the hearing on the motions, the appellants filed a motion to join additional parties. On 28 November 1983, a hearing was held be-

fore Judge Watts. After the hearing VEPCO filed motions to strike certain portions of affidavits introduced by the appellants at the hearing. On 24 February 1983, Judge Watts denied the appellants' motion to join additional parties, denied VEPCO's motion to strike, denied the appellants' motion for summary judgment and granted VEPCO's motion for summary judgment. On 1 March 1984, the appellants appealed to the Court of Appeals.

The Court of Appeals vacated and remanded the decision of the trial court with instructions that the action be dismissed. 73 N.C. App. 512, 327 S.E. 2d 2. The Court of Appeals concluded that the trial court had erred by applying the North Carolina Rules of Civil Procedure in the condemnation proceeding. More specifically, the Court of Appeals also concluded that the trial court had erred by applying Rule 15(b) in such a way as to convert the condemnation proceeding, with the consent of the parties, into an action to quiet title. The Court of Appeals vacated the judgment of the trial court and remanded the cause for dismissal by the trial court. In so doing the Court of Appeals did not address issues that had been raised on appeal before that court.

On appeal to this Court, all parties agree that the Rules of Civil Procedure may be applied to condemnation proceedings brought by private condemnors. We conclude that the North Carolina Rules of Civil Procedure may be applied in condemnation proceedings brought by private condemnors and reverse the decision of the Court of Appeals. Giving proper deference to the Court of Appeals, we decline to address the remaining issues raised by the parties but not addressed by that court in its opinion in this case. Instead, we remand the case to the Court of Appeals so that it may address those issues initially on appeal and prior to their being decided by this Court.

In its opinion, the Court of Appeals acknowledged that a condemnation proceeding under Chapter 40A of The General Statutes of North Carolina is a special proceeding. *Collins v. Highway Commission*, 237 N.C. 277, 74 S.E. 2d 709 (1953). Even where an action is a special proceeding, the Rules of Civil Procedure are made applicable by N.C.G.S. § 1-393 which provides that "[t]he Rules of Civil Procedure and the provisions of this chapter on civil procedure are applicable to special proceedings, except as otherwise provided." *See Nantahala Power & Light Co. v.*

*Whiting Manufacturing Co.*, 209 N.C. 560, 184 S.E. 48 (1936). The Court of Appeals further acknowledged that the Rules of Civil Procedure have been applied to condemnation proceedings brought by the State. *Collins v. Highway Commission*, 237 N.C. 277, 283, 74 S.E. 2d 709, 715 (1953); *Board of Transportation v. Royster*, 40 N.C. App. 1, 251 S.E. 2d 921 (1979).

The Court of Appeals continued its analysis, however, by stating that: "in actions by private condemnors, however, a separate procedure is specified and that procedure is the exclusive means by which private condemnors may condemn land." 73 N.C. App. 512, 518, 327 S.E. 2d 2, 6 (1985). The Court of Appeals relied on N.C.G.S. § 40A-1 (1984) which states in pertinent part:

It is the intent of the General Assembly that the procedures provided by this Chapter shall be the exclusive condemnation procedures to be used in this State by all private condemnors and all local public condemnors. All other provisions in laws, charters, or local acts authorizing the use of other procedures by municipal or county governments or agencies or political subdivisions thereof, or by corporations, associations or other persons are hereby repealed effective January 1, 1982.

By focusing on the language in N.C.G.S. § 40A-1, the Court of Appeals failed to address the effect of another provision of the same Chapter, N.C.G.S. § 40A-12 (1984), which states:

Where the procedure for conducting an action under this Chapter is not expressly provided for in this Chapter or by the statutes governing civil procedure, or where the civil procedure statutes are inapplicable, the judge before whom such proceeding may be pending shall have the power to make all the necessary orders and rules of procedure necessary to carry into effect the object and intent of this Chapter. The practice in each case shall conform as near as may be to the practice in other civil actions.

N.C.G.S. § 40A-12 together with N.C.G.S. § 1-393 give trial courts clear authority to apply the Rules of Civil Procedure in private condemnation proceedings, at least to the extent that those rules do not directly conflict with procedures specifically mandated by

Chapter 40A. The trial court's application of Rule 15(b) did not involve any such direct conflict.

Reversed and remanded.